E. L. MILLER v. THE STATE.

No. 6287.   Decided May 17, 1922.

Rehearing Denied June 21, 1922.

1.—Embezzlement—Jeopardy—Continuous Offense—Rule Stated.

Without going into unnecessary details, the record discloses that prior to the trial in the instant case, appellant had been tried and convicted in two other cases wherein he was charged with embezzlement of certain sums of money from the same party from whom he is charged with embezzling funds in the instant case and pleaded jeopardy. But the facts are such in the instant case as to entirely negative the soundness of the proposition that the appropriation by this appellant at different times of different sums of money belonging to his employer constitute a continuous offense, and there was no reversible error to refuse to permit him to read his plea of jeopardy to the jury, or to introduce evidence in support thereof.

2.—Same—Case State—Jeopardy—Separate Offense.

The facts show that the money was to be put by the defendant in the bank in his employer's name. Whether appellant made up his mind on three several days to appropriate the three several amounts referred to in the instant case, and the other two mentioned in his plea of jeopardy, or whether he had previously made up his mind to abstract from said money varying sums on different dates, would not affect the fact that each sum appropriated was in law a separate embezzlement; distinguishing Powell v. State, 82 Texas Crim. Rep., 163, 198 S. W. Rep., 317; Hamer v. State, 60 Texas Crim. Rep., 341; Lawshe v. State, 57 Texas Crim., Rep., 32.

3.—Same—Charge of Court—Other Offenses.

Where the court submitted in evidence embezzlement by defendant of other sums of money at other times, a charge to the jury that they could not convict the defendant of any other offense than that alleged in the indictment unless they believe him guilty of such offense beyond a reasonable doubt, the same was reversible error.

4.—Same—Rehearing—Charge of Court—Other Offenses.

This court is not able to bring its mind in accord with the contention of the State, that the portion of the charge of the court which is set out in the opinion of this court in reversing the judgment was a correct one, and the motion for re-hearing is overruled.

Appeal from the District Court of Bexar.   Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of embezzlement; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Chambers, Watson & Johnson,* and *Horace E. Wilson,* for appellant.—Cited Landes v. State, 214 S. W. Rep., 827, and cases cited in the opinion.

*R. H. Hamilton,* Assistant Attorney General, for the State.

ON REHEARING.

June 21, 1922.

LATTIMORE, JUDGE.—Believing the original opinion on rehearing to have been based on a misconception of appellant's contention, same is withdrawn. ·

Appellant urges that we erred in upholding the refusal of the trial court to submit his plea of jeopardy to the jury. Without going into unnecessary details, the record discloses that prior to ·the trial in the instant case, appellant had been tried and convicted in two other cases wherein he was charged with embezzlement of certain sums of money from the Brown Cracker & Candy Company, the same party from whom he is charged with embezzling funds, in the instant case. Upon the theory and belief that embezzlement is a continuous offense, where the employment is continuous, appellant prepared a plea of jeopardy based upon the fact that the indictments in the two cases formerly tried and mentioned above each contained seven counts, as does the indictment in the instant case; and that on the trial in each of said two other cases he had pleaded not guilty to all the counts in the indictment, and that after the evidence was heard the trial court submitted to the jury only the seventh count in each case. This, according to appellant's contention, amounted to an acquittal of the offense charged in each of the other counts of said indictment, and appellant's contention further was that if the offense of embezzlement be continuous where the employment was continuous, he was entitled to introduce before the jury upon the instant trial proof of the fact that he had pleaded not guilty to all of the counts in said indictments which seemed to have been abandoned and had been tried on said first six counts therein and acquitted; and that upon making such proof he would be entitled to an acquittal herein upon the theory of former jeopardy.

The trial court refused to permit appellant to read his plea to the jury, or to introduce evidence in support thereof, the trial in each of the former cases having been had in the same court, and the judgments and records in said former trials being within the judicial knowledge of the court below. The soundness of appellant's proposition seems to rest entirely upon the question as to whether, under the facts in this case and those formerly tried, the offense of embezzlement be a continuous offense so as that the plea of jeopardy, if proven as alleged, would have operated in law to require the acquittal of appellant in the instant case, or be sufficient to justify a jury in so acquitting him if the issue had been submitted to them by the court.

Appellant was charged in the instant case with embezzling $200 on August 29, 1918, from the Brown Cracker & Candy Company of which concern he was an agent. He was charged in one of the other cases

mentioned with the embezzlement of $757.70 of said company on December 16, 1918, and in the other of said cases with embezzling the sum of $400 from the same company on October 15, 1918. As stated above, unless there be that in the employment of appellant and his relation to his employer and to the moneys charged to have been embezzled, which would make of these transactions a continuous offense, the trial court did not err in declining to hear the plea of jeopardy, or to submit same to the jury. As supporting his contention appellant has cited Corpus Juris, Vol. 20, p. 429. The text of this work referred to is as follows: "An embezzlement may consist of a continuous series of conversions, or the conversion of money or property received at different times from different sources." The compilers of Corpus Juris cite as supporting this text Powell v. State, 82 Texas Crim. Rep., 163, 198 S. W. Rep., 317, and Hamer v. State, 60 Texas Crim. Rep., 341. A careful examination of Powell's case shows nothing justifying the above proposition. The facts in that case showed that the accused came into possession at one time of $570.85 belonging to his principal, and that when he was called on to remit, he sent $197.10 and indicated that the remainder had not been collected by him. The entire amount of money collected had been deposited by him in his name in the bank and checked out upon his debts. False statements regarding his collection of said money were also shown. The fact of his receipt of the amount of $373.75 belonging to his principal and his failure to pay same to the party to whom it belonged, coupled with the false statements above mentioned, was held to amply support his conviction for embezzlement of the $373.75. The Hamer case, supra, is discussed in our original opinion. In addition to what we there said we call attention to the fact that the amount of $2,060 of his principal's money was placed in the hands of the accused by her and deposited in the bank in his name. He had full authority to loan it for his principal in such amounts and at such times, apparently, as suited him. No limitation on his power to draw from the bank all or any part of said money was shown. It happened that on the day alleged in the indictment he drew from the bank less than $50, and on his trial he claimed that such separate withdrawal from the bank evidenced a separate conversion and that he was only guilty, if at all, of a misdemeanor. On his motion for rehearing he contended that because the first amount drawn out of the bank was at a date beyond the period of limitation, he was protected from prosecution by virtue of that statute. This court declined to sanction his proposition that the question of fraudulent appropriation was to be governed by the date or amount of any particular withdrawal of money from the bank, and held that he being charged with embezzlement of the entire amount and the question of when he conceived and executed the intent to appropriate the money being for the jury, that proof that at a period within the statute of limitation he made a false note to his prin-

cipal in an effort to cover up his defalcation, would support the judgment of guilt of embezzlement, and that the date of the making of the note might be regarded as the time of the conversion.

In addition to the authorities cited in Corpus Juris, supra, appellant insists that the case af Lawshe v. State, 57 Texas Crim. Rep., 32, supports his contention. Lawshe was the agent of a railroad company. He was checked up by an auditor and found to be more than $500 short. On his trial for the embezzlement of said amount he asked that the jury be charged that before he could be found guilty of a felony, the proof must show that at one time he appropriated more than $50. This court said in its opinion that the proof for the State strongly indicated that at least $300 of the money was embezzled at one and the same time, as his books showed that $300 came in on one day and no remittance was made. Apparently Lawshe did not testify to any embezzlement of smaller amounts than $50 on any day or occasion, and this court simply held there was no evidence calling for the charge sought. The only suggestion in the opinion in the Lawshe case which could be taken to support appellant's contention here, is the concluding statement in that part of the opinion discussing the proposition we have just mentioned. This court said: "The employment and all the transactions were continuous, nor was the issue of an embezzlement of less than $50 raised. Taylor v. State, 29 Texas Crim. App., 466." By this statement in the opinion, as we understand it, was meant that Lawshe was not employed for a single day nor for a single transaction, but for many days, and to collect and remit all moneys of the company which came into his hands; and it being shown that the shortage was in excess of $500 and by reason of the continuity of the relationship it being impracticable for the State to fix any time or amount for any separate embezzlement, that it might allege and prove the embezzlement of the entire amount and this would suffice. If Lawshe had desired to prove that he had appropriated the amounts of the shortage in separate transactions, each of which was for a less amount than $50, we apprehend the trial court would not have refused the charge asked. Under Article 52 of our Penal Code it is provided that if the State had made out its case, it devolves on the accused to show facts which excuse or justify him. Many authorities are cited by Mr. Vernon under said article affirming that when the defensive matter is peculiarly within the knowledge of the accused, the burden of proving same rests on him. That the facts rebutting the charge of felony embezzlement proven by the State in the Lawshe case, and reducing it to a misdemeanor, if such facts existed, were wholly within Lawshe's knowledge would seem clear. Appellant also mentions the Taylor case, supra, but we have examined it and are unable to find support therein for the proposition under discussion.

The facts in the instant case are such as to entirely negative the soundness of the proposition that the appropriation by this appellant

at different times of different sums of money belonging to his employer constitute a continuous offense, even though the employment was continuous and, in our opinion, even though it might be conceded for the sake of announcing a rule, that each appropriation was in pursuance of a continuing intention on the part of appellant to appropriate some part of the moneys that came into his hands each week or each month. It was appellant's duty to deposit daily the moneys of his employer which came into his hands by virtue of such employment. The money was to be put in the bank in his employer's name. Whether appellant made up his mind on three several days to appropriate the three several amounts referred to, in the instant case, and the other two mentioned in his plea of jeopardy, or whether he had previously made up his mind to abstract from such moneys as came into his hands varying sums on different dates, would not seem to us to affect the fact that each sum appropriated was in law a separate embezzlement and punishable as such.

In one paragraph the court charged the jury as follows:

"Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant E. L. Miller was agent of the Brown Cracker & Candy Company, a corporation, and that he did, in the County of Bexar and State of Texas, on or about the 29th day of August, A. D. 1918, fraudulently misapply or convert to his own use, without the consent of his principal or employer, any money of his said principal or employer, Brown Cracker & Candy Company, a corporation, on the date alleged in the indictment, to wit, the 29th day of August, A. D. 1918, for which said alleged offense he is alone upon trial and none other, for you cannot convict the defendant of any other offense than that alleged in the indictment, unless you believe him guilty of said offense beyond a reasonable doubt; and you further believe, beyond a reasonable doubt, that each of said four essential requisites to constitute the offense of embezzlement, as above set forth in this charge, have been established by the testimony, beyond a reasonable doubt, then and in that event you will find the defendant guilty of embezzlement."

Our attention was not particularly directed to this paragraph of the charge when we prepared the original opinion. There were in evidence facts pertinent to and showing embezzlement by appellant of other sums of money from his employer, at other times, and as we read the paragraph of the charge just quoted it seems to plainly tell the jury that they cannot convict the defendant of any other offense than that alleged in the indictment unless they believe him guilty of such offense beyond a reasonable doubt, and unless they believe the four elements of the offense have been established. This is manifestly erroneous. Appellant could not be convicted herein for any other offense than that alleged in the instant case indictment no matter what the jury may have believed. This is the only part of the charge which

attempted to apply the law to the facts. It is directly contradictory of other parts of the charge, and we cannot say which part the jury selected for their guidance. Exception was properly reserved to said charge.

The motion for rehearing will be granted, the affirmance set aside, and the cause reversed and remanded.

*Reversed and remanded.*

ON REHEARING.

June 21, 1922.

MORROW, Presiding Judge.—We are not able to bring our minds in accord with the contention of the State that the portion of the charge of the court, which is set out in the opinion of this court in reversing the judgment, was a correct one. On the contrary, we regard it as subject to the objection leveled against it upon the trial and discussed in the opinion of this court in granting appellant's motion for rehearing. In our judgment, there was therein made a correct disposition of the appeal.

The motion for rehearing is therefore overruled.

*Overruled.*