C. M. MCKINNEY V. THE STATE.

No. 7765.    Delivered April 29, 1925.

Rehearing denied April 7, 1926.

Leave to file second motion refused June 2, 1926.

1.—Misapplication of Public Funds—Indictment—Held Sufficient.

Where an indictment charged appellant with being the district clerk of El Paso County, and as such clerk with misapplying and converting

to his own use $610.00 in money belonging to said county, following the form laid down in Branch's Ann. P. C., Art. 105, Secs. 739-740. Same is sufficient, and it need not allege the source from whence such money was received nor the particular fund into which it should have been paid.

### 2.—Same—Evidence—Properly Admitted.

Where under an indictment charging a district clerk with the misapplication and embezzlement of $610.00 of public funds, there was no error in admitting evidence as to money arising from any source which would show or tend to show the misapplication of same. Following Miller v. State, 242 S. W. 1040.

### 3.—Same—Continued.

The source from whence the money was received, and the several different items which constitute the sum total was unimportant, and the state could rely upon the total sum, or upon one or more of the different items aggregating such sum, though such items come from different sources, and the guilt of the defendant would depend upon the time that he formed the intention to embezzle such funds, and did misapply and embezzle same.

### 4.—Same—Elements of Offense—Statutes Construed.

Under the statutes of the this state it is made the duty of the district clerk to collect certain fees in each case filed in the district court, among the fees so provided for being certain amounts for jury fees and for stenographer's fees, and to pay over to the county treasurer such fees so collected and to make a report of same to each regular term of the commissioners' court for each county, and the state having proven the collection of certain fees and the failure of the clerk to pay over same, or to report their collection, it thus devolved upon him to show why he failed to pay over and report such funds. See Evans v. State, 40 Tex. Crim. Rep. 54.

### 5.—Same—Evidence—Properly Received.

Where, on a trial for embezzlement of public funds by a district clerk, there was no error in permitting the state to prove various and different items of money received by the defendant in his official capacity from January 5, 1920, although it was shown that only a part of such funds so received were appropriated and not accounted for by appellant.

### ON REHEARING.

### 6.—Same—Election by State—Not Necessary.

Where, on a trial for misapplication and conversion of public funds, the evidence disclosing that appellant, a district clerk, collected certain jury fees, and certain stenographers' fees, which he failed to report and pay in to the treasurer, there was no error in failing to require the state to elect upon which of the sums it would rely for a conviction, the minimum punishment being assessed, the failure to require an election was not prejudicial to appellant. See Hooper v. State, 94 Tex. Crim. Rep. 278; Mathis v. State, 97 Tex. Crim. Rep. 222.

### 7.—Same—Continued.

The statute under which appellant is prosecuted denounces the fraudu-

lent misapplication or conversion of public funds by an officer as a felony, and the penalty is not measured by the amount of the sum misapplied. Distinguishing Miller v. State, 242 S. W. 1040, and Leonard v. State, 7 Tex. Crim. App. 444.

**8.—Same—Evidence—Showing System and Intent—Properly Admitted.**

While in the instant case the state relied for a conviction for the misapplication and conversion of fees collected between November 3 and November 8, 1920, there was no error in admitting evidence of the receipt of jury fees and stenographers' fees at various dates between January and November, 1920, during his former term of office, as showing system and intent on the part of appellant. See Vernon's Civ. Stats. (1920), Art. 6055; Gordon v. State, 43 Texas 330, and other cases cited.

MOTION FOR SECOND REHEARING DENIED.

**9.—Same—Second Motion for Rehearing—Rule Stated.**

This court is compelled to adopt the policy of declining to grant applications for leave to file second motion for rehearing sought on grounds already discussed in the original opinion, or on rehearing. Matters set up in appellant's application for leave to file a second motion for rehearing having all been discussed and decided, his application to file a second motion for rehearing is denied.

Appeal from the District Court of El Paso County. Tried before the Hon. W. D. Howe, Judge.

Appeal from a conviction for misapplication and conversion of public funds, penalty two years in the penitentiary.

The opinion states the case.

*Lud T. Williams* of Waco, *L. A. Dale* of El Paso, *Williams, Williams, McClellan & Lincoln* of Waco, for appellant.

*R. G. Storey,* Assistant Attorney General, *Tom Garrard,* State's Attorney, *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was indicted, tried and convicted in El Paso County on December 12, 1922, of misapplying and converting to his own use $610.00 in money belonging to said county, and his punishment assessed at two years in the penitentiary.

Appellant filed a motion to quash the indictment, among other things charging that the indictment was insufficient because it failed to allege whether the defendant received jury fees or stenographer fees and not being sufficient to put the defendant upon notice to defend the charges made in the indictment, and complains of the action of the court in overruling

same; and after the testimony of the state was in and the charges had narrowed down to money received by the defendant as jury fees and stenographer fees between the 2nd and 8th days of November, 1920, then the appellant moved the court to compel the state to elect upon which set of fees the state would rely for a conviction—that is, whether money obtained as jury fees or money obtained as stenographer fees —which the court declined to do, and charged the jury that in their consideration of the guilt or innocence of the defendant they would consider the evidence bearing on the money arising from the two sets of fees above stated and between the dates above stated.

The indictment follows the approved form laid down in Branch's Annotated Penal Code, Art. 105, Sections 739-740. We are of the opinion that the indictment in this case is sufficient, and by charging the defendant with receiving money belonging to the county that came into his hands as such officer, clerk of the District Court, there was no error in admitting the testimony as to money arising from any source, whether from jury fees or from stenographer fees, which would show or tend to show the misapplication of same. Miller v. State, 242 S. W. 1040.

In the case supra, by Presiding Judge Morrow, where the question arose on a plea of former jeopardy, wherein the defendant had been convicted in two prior cases of embezzlement and was then pleading former jeopardy, he used the following language:

"In our opinion, the fact that during appellant's agency he received a number of sums of money on different occasions by virtue of his agency does not alone preclude the state from founding a prosecution upon more than one transaction. As we interpret the authorities to which appellant refers, they do not support the theory relied upon by him as stated above. What we regard as an accurate statement of the principle governing cases of embezzlement was made by Judge Clark in the case of Leonard v. State, 7 Tex. App. 444 * * * quoting from the Leonard case, which in part is as follows: 'There is no settled mode by which this appropriation must take place, and it may occur in any one of the numberless methods which may suggest itself to the particular individual. The mode of embezzlement is simply matter of evidence, and not pleading.' "

Judge Morrow further states in said authority:

"It is true that an agent might, at various times, receive sums of money for his principal, and retain it until a large sum had accumulated, and on the prosecution the facts show that he was guilty of but one offense, on the theory that the intent to convert was not formed until the time he appropriated the accumulated sum. This, however, does not necessarily follow, but depends upon the evidence in the particular cases. The time of forming the criminal intent to fraudulently convert the particular sum of money, together with the evidence showing its diversion from its intended purpose or the exercise over it of the right of ownership, inconsistent with that of the principal, or contrary to the nature of the trust upon which the funds are held, are proper subjects of inquiry, and important factors in leading to the solution of the question as to whether there had been committed one offense or more."

We gather from this opinion that each case depends upon the particular facts as developed upon the trial as to whether or not the state would be forced to rely upon the total sum of money received or the different amounts and items aggregating said sum, though said items came from different sources, and the guilt of the defendant would depend upon the time that he formed the intention to embezzle such funds. As we view the record in this case, as to when the defendant formed the design to misappropriate the funds, if· he did so, is a fact peculiarly within his own knowledge, and the only way that the state could make proof of such intent would be by circumstances.

R. S. Art. 1696 requires the district clerk, in addition to reports required under the Code of Criminal Procedure, to make on the last day of each term of the District Court a complete and itemized account in writing setting forth all money received by him for jury fees, etc., and present same to the judge of said court for approval, and, when approved, to record same in the minutes of said court. Art. 1697 R. S. requires the district clerk to pay over to ·the county treasurer all jury fees and fines received by him to the use of the county. Art. 1927 R. S. requires the clerks of all courts having official shorthand reporters to tax three dollars stenographer fees as costs in civil cases, except delinquent tax suits, which when collected shall be paid by said clerk into the general fund of the county. Art. 1050 C. C. P. requires:

"Money collected by an officer upon· * * * jury fees, collected under any of the provisions of this code, shall be

forthwith paid over by the officers collecting the same to the county treasurer of the proper county," etc.

Art. 1045 C. C. P. requires all officers charged by law with collecting money for the use of the state to make a report in writing under oath as set out in Art. 1046 C. C. P., and Art. 1047 C. C. P. is as follows:

"A report such as required by the two preceding articles shall also be made of all money collected for the county, which report shall be made to each regular term of the commissioners' court for each county."

The testimony in this case discloses that the defendant was clerk of the District Court of El Paso County, and C. Aranda, deputy country clerk and clerk of the commissioners' court, testified that the last report that the defendant made to the commissioners' court "was his report of fees collected for the year ending November 30, 1919." The record shows that the defendant went out of office in July, 1921, and he was tried and convicted in this case on December 12, 1922. The record further discloses by the witness Webb, county treasurer, that the defendant had not paid any money into his office since January 5, 1920, except three dollars. The undisputed testimony, as we understand the record, shows that between November 2 and November 8, 1920, the time limited in the court's charge for the jury to consider, the defendant received in his office five jury fees, aggregating $25.00, and seven stenographer fees, aggregating $21.00, and no showing where any of these fees above mentioned were paid in to the treasurer, unless the three dollars above mentioned in the treasurer's testimony was a part of same. Now, construing the statutes and the decisions above cited, together with the testimony in this case, the jury fees and the stenographer fees have never been turned in by the defendant at all up to date of trial, unless the said three dollars constituted some of said fees, and the undisputed testimony showed that the commissioners' court met in its regular session November 8, 1920, the time that the law required the appellant to make his report to the said court, and the statutes above mentioned required him to forthwith turn in said fees to the treasurer, but the undisputed testimony in the record shows that he did not do so, and wholly failed to observe the requirements of the statutes with reference to handling and turning over these fees; in fact, the evidence of the deputy county clerk shows that the defendant had not made a report since November 30, 1919, up to the date of the

trial, December 12, 1922. The defendant failed to produce or offer any evidence as an excuse for failing to turn in the fees or to make the reports, and under the law those matters, if any excuse he had to offer, were peculiarly within his knowledge, and it devolved upon him to show such excuse for failure to comply with the requirements of the law. The appellant's attorney's seem to recognize the proposition of law above stated in citing Evans v. State, 40 Tex. C. R. 54, which states:

"Where exculpatory evidence of an important character is peculiarly within the knowledge of the defendant it is his duty to produce it."

We think this authority is peculiarly applicable to the instant case, and when the state had proved the reception of the fees above mentioned by the defendant and his failure to make a report and turn same in as required by the statutes it has fully made out its case, and then it devolved upon the defendant, if any excuse he had for not complying with the law, to produce testimony along this line, which he failed to do.

There is also an objection raised to the admission of the testimony by the state showing various and different amounts and items of money received by the defendant in his official capacity from January 5, 1920, and also complaint as to the court's written charge instructing the jury that same could only be considered as showing intent or system of the defendant. It is contended in this connection that those items were barred by the statutes of limitation, as a reason why they should not be admitted. In the case of Miller v. State, supra, Judge Lattimore on motion for rehearing overruled this contention and in effect sustains the contention of the state in the instant case. We fail to observe any harmful error in the action of the court in this particular, because practically there was no controverted issue raised in the case by the defendant as to that class of testimony or over those items, and no controversy raised over the items and the amount relied on for a conviction between November 2 and 8, 1920.

After a very careful consideration of the entire record and the authorities cited by the attorneys for the appellant, and defendant having received the least penalty, we are constrained to believe that there is no reversible error shown in the trial court, and the judgment should be affirmed, and it is accordingly so ordered. *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Appellant was re-elected district clerk on November 2, 1920, and qualified on December 1, 1920. Within the time intervening between November 3 and November 8, he received jury fees amounting to $25.00 and stenographer's fees amounting to $21.00. The commissioners' court met in regular session on November 8. No report or deposit of the fees was made at that time. Appellant insists that touching the jury fees and the stenographer's fees he was controlled by different laws in that he was required by law to pay into the treasury the jury fees forthwith, and that no definite time was named by law at which the stenographer's fees were to be paid into the general fund of the county.

The point is made against the validity of the conviction that inasmuch as the time for the payment of the jury fees was fixed at a different time from that upon which he was required to pay the stenographer's fees, there were two separate offenses, both felonies, which could not be tried in one count.

It is urged that there is no inference to be drawn that there was a simultaneous conversion of the sums due to each of the funds mentioned. In other words, the failure to report and forthwith pay over the jury fees would create the inference that upon a fixed date these funds were converted, but not so with the stenographer's fees. The ruling announced in Miller's case, 242 S. W. Rep. 1040, and Leonard's case, 7 Texas Crim. App. 444, is relied upon.

In Miller's case, supra, the question at issue was whether a previous conviction of Miller barred a subsequent one. The language quoted from that case in the original opinion was addressed to the question mentioned. So, in a case where the aggregate sum appropriated or embezzled amounts to more than $50.00, it becomes important to determine whether the several amounts going to form the aggregate sum were embezzled at different times or whether the embezzlement comprised but one transaction. In the present case, the materiality of the fault, if any, in the trial is difficult to perceive.

The statute under which the appellant is prosecuted denounces the fraudulent misapplication or conversion of public funds by the officer into whose hands they are committed as a felony punishable by confinement in the penitentiary for a period of not less than two nor more than ten years. Article

95, P. C. The penalty is not measured by the sum misapplied.

In the present case, there is no question of a previous conviction. Assuming that there were two offenses proved, the judgment concludes the state as to both. The lowest penalty was accorded, and unless there be something in the evidence which would suggest that by the procedure complained of harm might have come to the accused, we fail to comprehend the materiality or importance of the complaint made by the appellant. If, in fact, there was evidence of separate and distinct offenses, the court should have required the state to make an election between them. There being sufficient evidence, however, and the minimum punishment assessed, it is not perceived how the failure to require an election was prejudicial to the appellant. See Hooper v. State, 94 Texas Crim. Rep. 278; Mathis v. State, 97 Texas Crim. Rep. 222.

In the indictment the state charged that the appellant fraudulently converted the funds. The burden rested upon the state to prove that avertment.

In an effort to discharge its burden, the state received, over appropriate objections of the appellant, evidence of the receipt by the appellant of jury fees and stenographer's fees at various dates between the months of January and November, 1920. These acts were all during the appellant's previous term of office. The court instructed the jury in substance that the appellant could not be convicted for receiving these fees but that they were admitted and could be considered for no other purpose than to establish system or intent in the misapplication of the money received after his second election to office. The statute declares that no officer shall be prosecuted or removed from office for any act he may have committed prior to his election to office. Vernon's Tex. Civ. Stat. (1920), Art. 6055. In the matter of removal from office, this statute has been given effect in various cases. Gordon v. State, 43 Texas Rep. 330; Trigg v. State, 49 Texas Rep. 645; Flatan v. State, 56 Texas Rep. 93. In the criminal case of Brackenridge v. State, 27 Texas Crim. App. 530, the court used this language:

"It is further expressly declared, however, that 'No officer shall be prosecuted or removed from office for any act he may have committed prior to his election to office.' (Rev. Stat., Art. 3415.) There can be no question, in view of the last quoted provision of the statute and of the law as settled by the decisions of the courts, that if the acts of which the defendant was convicted had been committed prior to his election to the

office, such acts would afford no legal ground for removing him from the office. (Gordon v. The State, 43 Texas, 330; Trigg v. The State, 49 Texas, 645, Flatan v. The State, 55 Texas, 93.) His election would be a condonation of any crime or misconduct committed prior thereto; at a time when he was not holding the office to which he was elected."

The Missouri case of State Ex Rel. Schult v. Patton et al., 110 S. W. 636, is one in which the right to remove from office because of acts antecedent to the election was .denied.

The case of Brackenridge v. State, supra, seems to be a precedent in favor of the ruling of the learned trial judge in receiving the testimony in question. Brackenridge was elected County Judge of Travis County, Texas, in November, 1886, and re-elected on the 6th day of November, 1888. The acts upon which his removal from office was sought occurred about the 15th of November, 1888. It seems that in October, 1888, Brackenridge was indicted for misconduct in office similar to that with which he was charged in the case from which he appealed. Against his objection, an indictment charging him with a like offense during his previous term of office was received in evidence against him. (See 27 Texas Crim. App. 517). In receiving this indictment in evidence, this court held that no error was committed and used the following language:

"For the purpose of tending to show a knowledge on the part of defendant that the fees demanded by him were not lawful the indictment put in evidence by the state over defendant's objection was, we think, admissible testimony. It was offered for no other purpose, and the court fully instructed the jury in its charge that it must not be considered for any other purpose." (Brackenridge v. State, supra.)

Assuming the correctness of the ruling mentioned (and so far as we are aware it has not heretofore been challenged), we are unable to differentiate the practice followed from that of the learned trial judge in the present case.

From what has been said, it follows that the motion for rehearing should be overruled. It is so ordered.

*Overruled.*

### OPINION ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This court is compelled to adopt the policy of declining to grant application for leave to file second motions for rehearing sought on grounds already discussed

in the original opinion or on rehearing. The matters set up in appellant's application have all been considered, discussed and we think correctly decided.

The application for leave to file second motion for rehearing will be refused.

.                                    *Application denied.*