Christopher HOUSTON, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–104–CR.
(2092cr).

Court of Appeals of Texas, Corpus Christi.

May 20, 1982.

Rehearing Denied June 17, 1982.

J. Manuel Banales, Corpus Christi, for appellant.

Joel B. Johnson, Asst. Dist. Atty., Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

OPINION

YOUNG, Justice.

Christopher Houston was indicted for the theft of jewelry worth more than $200.00, but less than $10,000.00, a third degree felony. The trial court found him guilty and assessed punishment at three years confinement and $500.00 fine. Tex.Penal Code § 31.03(d)(4)(A) (Vernon Supp. 1982). We reverse.

. The indictment lists seven pieces of jewelry and alleges that their combined value is between $200.00 and $10,000.00. These items were taken from the home of the Robinsons, a Corpus Christi couple, but most of them belonged to the wife. At the trial, Mr. Robinson testified regarding the identity of the items and their value. He stated that he had found one of the rings and did not know its value. Another stolen ring was his high school class ring for which he testified that he had paid $70.00. He estimated its value at the time of trial (nine years after high school graduation) was $70.00. The remainder of the jewelry belonged to his wife. Most of these were gifts bought by other people other than Mr. Robinson.

Although he stated that he had never worked with or bought or sold jewelry and had no knowledge about the value of jewelry, the witness nevertheless answered ques-

tions concerning the value of his wife's rings, watches and necklaces. Defense counsel made specific objections to his qualifications to give testimony about the value of jewelry as each item was discussed. The court overruled these objections. The State offered no other evidence on the value of the stolen property. The defense presented no controverting evidence.

Among his grounds of error, appellant includes one which challenges the sufficiency of the evidence about the value alleged in the indictment. Texas Penal Code § 31.08(a) (Vernon 1974), defines value for theft prosecutions as follows:

> "(a) Subject to the additional criteria of Subsections (b) and (c) of this section, value under this chapter is:
>
> (1) the *fair market value* of the property or service at the time and place of the offense; or
>
> (2) if the fair market value of the property cannot be ascertained, *the cost of replacing the property* within a reasonable time after the theft." (Emphasis supplied.)

■ As an owner, the witness was qualified to testify to the value of his class ring, *Cooper v. State*, 537 S.W.2d 940 (Tex.Cr. App.1976); *Coronado v. State*, 508 S.W.2d 373 (Tex.Cr.App.1974); *Cantu v. State*, 625 S.W.2d 56 (Tex.App.—San Antonio 1981, no petition). For an opinion of the worth of property by someone other than the owner, the prerequisite to admissibility is knowledge of the fair market value. *Collier v. State*, 474 S.W.2d 240 (Tex.Cr.App.1972). See McCormick and Ray, Evidence § 1422 (1980).

■ The record before us shows that Mr. Robinson was not qualified to give an opinion of the fair market value of his wife's jewelry. It was obvious that he was guessing. If we were to accept his testimony about the value of his class ring, it would prove only $70.00 in stolen goods, not the $200.00 alleged in the indictment. Although we have considered the evidence in the light most favorable to the verdict as we are required to do, *Thomas v. State*, 605 S.W.2d 290 (Tex.Cr.App.1980), we find it insufficient.

Accordingly, the judgment of conviction is reversed and reformed to reflect a judgment of acquittal. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).