**Christopher HOUSTON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–104–cr.**

Court of Appeals of Texas,
Corpus Christi.

March 31, 1983.

J. Manuel Banales, Corpus Christi, for appellant.

Joel B. Johnson, Asst. Dist. Atty., Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

Appellant was convicted of the offense of theft of property having a value greater than $200.00 but less than $10,000.00. Trial was before the court and the court assessed punishment at imprisonment for three years and a $500.00 fine. On original submission, this Court reversed the judgment finding that the evidence showed that the value of the stolen goods was only $70.00. We ordered that the judgment be reformed to reflect an acquittal. *Houston v. State,* 636 S.W.2d 7 (Tex.App.—Corpus Christi 1982). The Court of Criminal Appeals then granted the State's petition for discretionary review and remanded the case to this Court indicating that an acquittal should not have been entered. *Houston v. State,* 640 S.W.2d 605 (Tex.Cr.App.1982).

 The evidence is sufficient to support a conviction of theft of property having a value of $20.00 or more but less than

$200.00. Since the trial court both found the appellant guilty and assessed his punishment in this case, no new trial on guilt need be had. *Moss v. State,* 574 S.W.2d 542, 545 (Tex.Cr.App.1978). Instead, the cause is remanded to the trial court for a new trial on punishment and such punishment should be assessed within the range provided for a Class A misdemeanor.

■ On original submission, appellant contended that there was a fatal variance between the allegations in the indictment and the proof adduced at trial. The indictment alleges the theft of "One (1) Flour Bluff class ring with engraving inside ring bearing initials FB." Inside the ring appear the initials "JMR." The ring's stone is circled by the words "Flour Bluff High School." On the face of the stone, in gold letters, are the initials "FB." We find no variance between the indictment and the proof, and appellant's ground of error is overruled.

The judgment is reformed to show a conviction of Class A misdemeanor theft, and the cause is remanded to the trial court for reassessment of punishment.