**Ira Marshall GOODWIN, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–86–323–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 31, 1986.

Rehearing Denied Feb. 26, 1987.

· J. Manuel Banales, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

OPINION

NYE, Chief Justice.

In April 1984, appellant Goodwin was convicted of voluntary manslaughter. He elected to have the court set punishment. After finding that the two prior felony conviction allegations were true, the trial court assessed punishment at thirty years' confinement and a $5,000.00 fine. This Court upheld the determination of appellant's guilt in the first appeal of this case; however, we determined that Tex.Penal Code Ann. § 12.42(a), the habitual felony offender statute, did not authorize the imposition of a fine. Accordingly, we remanded the cause for proper assessment of punishment and pronouncement of sentence. *Goodwin v. State*, 694 S.W.2d 19, 31 (Tex.App.—Corpus Christi 1985, pet. ref'd). We now affirm the judgment of the trial court.

In three points of error, appellant complains of the thirty-year sentence imposed by the trial court. He argues that the maximum sentence for voluntary manslaughter is twenty years, and since the trial court did not hear evidence of appellant's prior felonies *at the hearing on remand*, the thirty-year sentence cannot stand.

When a case is reversed because an unauthorized sentence has been imposed, and the trial court set the punishment, the reviewing court remands the case for a new punishment hearing. *Hudgens v. State*, 709 S.W.2d 648, 649 (Tex.Crim.App. 1986); *Marrero v. State*, 500 S.W.2d 818, 820 (Tex.Crim.App.1973); *Johnson v. State*, 436 S.W.2d 906, 910 (Tex.Crim.App. 1968); *Houston v. State*, 652 S.W.2d 472, 473 (Tex.App.—Corpus Christi 1983, no pet.). The trial court does not simply "assess" punishment as the State contends.

However, it was within the trial court's power to judicially notice appellant's prior convictions, which were proved during the first trial. *Dunn v. State*, 242 S.W. 1049, 1051 (Tex.Crim.App.1922); *Miller v. State*, 242 S.W. 1040, 1042–43 (Tex. Crim.App.1922); *Cisneros v. State*, 697

S.W.2d 718, 720–21 (Tex.App.—Corpus Christi 1985, no pet.); *see Bradley v. State*, 564 S.W.2d 727 (Tex.Crim.App.1978), *opinion after abatement*, 608 S.W.2d 652 (Tex.Crim.App.1980); *Fleming v. State*, 502 S.W.2d 822, 823 (Tex.Crim.App.1973); *Horman v. State*, 423 S.W.2d 317, 318 (Tex.Crim.App.1968). The statement of facts clearly demonstrates the trial court's familiarity with its prior proceedings. It appears that the court took notice on its own will (*sua sponte*) of the former proceedings, despite appellant's contention that it did not. Furthermore, the appellant did not contest the sufficiency of the evidence to prove his prior felony convictions on his first appeal in this case. He does not now contend that the "pen packets" were not sufficient proof of his convictions; he merely complains on appeal that the State did not formally introduce them into evidence.

Appellant's grounds of error are overruled. The judgment of the trial court is AFFIRMED.

BENAVIDES, J., not participating.

## OPINION ON MOTION FOR REHEARING

NYE, Chief Justice.

Appellant requests a rehearing of his appeal. On original submission, appellant complained that, when his sentence for voluntary manslaughter was remanded for a new punishment hearing, the trial court failed to conduct the hearing. Instead, it assessed an enhanced sentence without hearing new testimony of appellant's prior felony convictions. We overruled that contention.

Appellant now complains that this Court erred in affirming his thirty-year sentence, because no hearing was held and the trial court did not take judicial notice of the original punishment hearing.

Contrary to appellant's claims, a punishment hearing was held. The statement of facts reflects that the honorable and experienced trial court conducted the hearing as follows:

THE COURT: The Court calls Cause No. 83–CR–942–B, The State of Texas versus Ira Marshall Goodwin, Jr. This matter is before the Court this morning for assessment of punishment in the case pursuant to the Opinion and Mandate of the Appellate Court.

The Court in previously assessing punishment assessed punishment at 30 years in the Texas Department of Corrections and a fine of $5,000. This followed the jury verdict finding the Defendant guilty of voluntary manslaughter. The Appellate Opinion affirmed the conviction itself but the Court was in error in assessing the fine in addition to the term in the penitentiary.

All right. For the record the State's attorney is present, Mr. Ron Karchmer. Is the State ready?

MR. KARCHMER: Yes, Your Honor.

THE COURT: For the assessment of punishment and the formal sentencing. All right. And the Defendant is personally present having been bench warranted back from the Texas Department of Corrections. And with him is Mr. Banales.

MR. BANALES: Present and ready, Your Honor.

THE COURT: Present and ready as the Court appointed attorney.

MR. BANALES: Yes, sir.

THE COURT: All right. In this cause, then, the jury having found the Defendant guilty of voluntary manslaughter the Court now assesses punishment at 30 years in the Texas Department of Corrections.

I will now call this matter for formal sentencing. I will ask you to stand, Mr. Goodwin. Do you know of any reason why the Court should not now formally sentence you in accordance with the verdict of the jury, the judgment of the Court and the assessment of punishment at 30 years in the Texas Department of Corrections?

THE DEFENDANT: No, sir.

THE COURT: In this Cause No. 83–CR–942–B, The State of Texas versus Ira Marshall Goodwin, Jr. it is the order of this Court that you be remanded to the Sheriff of Nueces County, Texas who shall deliver you or cause you to be delivered to the Department of Corrections of the State of Texas where you shall there be confined for 30 years in accordance with the laws of the State of Texas and the rules and regulations of such institution.

\* \* \* \* \* \*

[Whereupon the trial court fully apprised the appellant of his rights to an appeal.] Do you understand now the notice that the Court has given you?

THE DEFENDANT: Yes, sir.

THE COURT: All right. I will ask Mr. Prezas, the bailiff to hand deliver to the Defendant in open court a copy of what I have just read to him. That having been done, anything further from the State?

MR. KARCHMER: No, Your Honor.

THE COURT: Or the defense?

MR. BANALES: No, sir.

THE COURT: Very well. All right. The Court will be in recess.

The statement of facts clearly shows that a punishment hearing was held. It also shows the trial court's clear reference to, and familiarity with, the history of this appellant's adjudication of guilt and punishment, and the scrutiny given to both by this Court. While the able trial judge did not expressly state that he was taking formal judicial notice of the prior punishment hearing, such was clearly his intent. Furthermore, appellant neither objected nor made an offer of proof of any circumstances tending to show that a thirty-year sentence should not be imposed, though he was given several opportunities to do so. Appellant was also made fully aware that the trial court intended to assess the thirty-year sentence. We see no reason why our original holding, that the trial court judicially noticed the proof of appellant's prior felony convictions, should be disturbed.

Appellant's motion for rehearing is OVERRULED.

BENAVIDES, J., not participating.