ACCEPTED
03-15-00127-CR
5548015
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/4/2015 2:14:26 PM
JEFFREY D. KYLE
CLERK

# IN THE COURT OF APPEALS

# FOR THE THIRD DISTRICT

# AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/4/2015 2:14:26 PM
JEFFREY D. KYLE
Clerk

| | | |
|---|---|---|
| AARON JOSEPH HOES, | § | CAUSE NO. 03-15-00127-CR |
| Appellant | § | Trial COURT No. 01167 |
| V. | § | |
| THE STATE OF TEXAS, | § | |
| Appellee | § | |

---

## BRIEF OF APPELLANT

---

Appealed from the 33rd Judicial District Court, Blanco County, Texas

Honorable Alan Garrett, presiding

---

Law Office of Alice E. Price
408 South Liveoak
Lampasas, Texas 76550
Tel/Fax 512-556-4777
State Bar No. 00786177
apgregg50@hotmail.com
Attorney for Appellant

**APPELLANT HEREBY WAIVES ORAL ARGUMENT**

1

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **Table of Contents** | **2** |
| **Index of Authorities** | **3** |
| **Identity of Parties and Counsel** | **4** |
| **Statement of the Case** | **5** |
| **Issue Presented** | **6** |

*The evidence is insufficient to support
Mr. Hoe's conviction for theft of property (a tractor)
valued between $1500 dollars, but less
$20,000 dollars, because there is no evidence that
the tractor was worth the statutory amount of
<$1500 but > $20,000.*

| **Statement of Facts** | **6** |
|---|---|
| **Summary of the Argument** | **7** |
| **Argument** | **8** |
| **Standard of Review** | **12** |
| **Prayer** | **14** |
| **Certificate of Service and of Compliance with Rule 9** | **15** |

# Index of Authorities

***Authorities Page***                                                   ***Page***

### *Court cases United States Supreme*

**Jackson v. Virginia**

      443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 550 (1979)    **12**

### *Texas Court of Criminal Appeals cases*

**Drost v. State**
(App. 8 Dist. 2001) 47 S.W.3d 41.                         **8**

**Sandone v. State**
394 S.W.3d 788, 791 (Tex.App.-Fort Worth 2013, no pet.)   **10**

**Brooks v. State**
323 S.W. 3d 893 (Tex.Crim.App.2010)                    **12**

**Jones v. State**
(App. 14 Dist.1991) 814 S.W. 2d 801                   **10**

**Uyamadu v. State**
359 S.W.3d 753,759(Tex.App.-Houston [14th Dist.] 2011, pet. ref'd)  **9**

**Houston v. State**
(App.13 Dist. 1982) 636 S.W. 2d 7, remanded 640 S.W.2d 605, on
remand 652 S.W.2d 472.                                  **11**

**Johnson v. State**                                      **14**
23 S.W.3d 1 (Tex. Crim. App. 2000)

### *Statutes*

***TEX. PENAL CODE ANN. §31.03(a) (e) (4) (F) (West 2012)***    ***5,6,7***

***TEX. PENAL CODE ANN. §31.03(a) (West 2012)***           ***10***

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT
AT AUSTIN, TEXAS

| | | |
|---|---|---|
| AARON JOSEPH HOES, | § | |
| Appellant | § | |
| | § | CAUSE No. 03-15-00127-CR |
| V. | § | TRIAL COURT NO. 01167 |
| THE STATE OF TEXAS, | § | |
| Appellee | § | |

**IDENTITY OF PARTIES AND COUNSEL**

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW AARON JOSEPH HOES, the Appellant herein, and would show the court interested parties herein are as follows:

**AARON JOSEPH HOES**, appellant, c/o/ Garza East Unit 4304 Highway 202 Beeville, TX 78102-8981

**Thomas Felps**, trial attorney
For appellant, P O Box 442 Johnson City, Texas 78636

**Alice Price**, appellate attorney for appellant, 408 South Liveoak Lampasas, Texas 76550

**Sonny McAfee**, Burnet County District Attorney, and

**Gary Bunyard**, Assistant District Attorney, Burnet, Texas

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT
AT AUSTIN, TEXAS

| | | |
|---|---|---|
| AARON JOSEPH HOES, | § | |
| Appellant | § | |
| | § | CAUSE No. 03-15-00127-CR |
| V. | § | TRIAL COURT NO. 01167 |
| THE STATE OF TEXAS, | § | |
| Appellee | § | |

**STATEMENT OF THE CASE**

A jury in the 33rd Judicial District Court in and for Blanco County, Texas, convicted Aaron Joseph Hoes for theft of property more than $1500, but less than $20,000.  (CR I, 96) and see **TEX. PENAL CODE ANN. § 31.03 (a) (e)(4)(A) (West 2012)** The same jury then assessed punishment  of five (5) years confinement in the Texas Department of Criminal Justice – Institutional Division and a $1,000 fine. (CR 1,103). Appeal was subsequently perfected from that verdict and sentence. (CR 1, 145).

**ISSUE PRESENTED**

The evidence is insufficient to support Mr. Hoe's conviction for theft of property (a tractor) valued between $1500 dollars, but less than $20,000 dollars, (CR I, 96) and see **TEX. PENAL CODE ANN. § 31.03 (a) (e) (4) (A) (West 2012)** because there is no evidence that the tractor was worth the statutory amount of <$1500 but > $20,000.

**STATEMENT OF FACTS**

*Background*

On April 5, 2014, Deputy Curtis Klimple wrote up a police report at the Blanco Law enforcement concerning the apparent theft of a tractor (Massey –Ferguson model 245) belonging to Earl Sultemeier, and last seen at the Sultemeier ranch located in Blanco county Texas.. The report was made by his son-n-law Bob Humphries. The tractor was taken sometime between April 2nd and April 5th, 2015. On about July 5th of 2014, a deputy, Troy Mayes had occasion to pull over a Mr. Aaron Hoes for a traffic violation. During that traffic stop, it was

determined that the tractor Mr. Hoe's was carrying on an attached trailer, was the tractor reported stolen by Mr. Humphries on behalf of Mr. Sultemeier. Mr. Hoes was then arrested and taken into custody and charged with the theft of the tractor.

## SUMMARY OF THE ARGUMENT

The state did not provide evidence that the Massey Ferguson tractor was indeed valued at the amount of $1500, but less than $20,000 dollars. (CR I, 96) and see **TEX. PENAL CODE ANN. § 31.03 (a) (e) (4) (A) (West 2012)**. The owner did not testify as to its value, and the non-owner who did testify offered an opinion but it was not based on any substantive information such as comparable tractors, local tractor sales, fair market value of the tractor, or replacement cost of the tractor. Thus, an essential element for a state jail felony theft was not proven.

**ARGUMENT**

For purposes of crimes against property, the evidence is legally insufficient to prove value if there was no evidence presented from which a reasonable fact finder could find fair market value beyond a reasonable doubt; or if it is shown that fair market value cannot be ascertained, if there was no evidence from which the fact finder could find replacement value beyond a reasonable doubt. **Drost v. State** (App. 8 Dist. 2001) 47 S.W.3d 41.

In this instance there is no basis for the determination of the value of the tractor. Testimony is not given by the owner, it is given by the son-n-law who has had access to the tractor, but nothing else. We do not hear any evidence that shows the condition of the tractor, or if it even works.

Herein is the relevant testimony from the trial:

Q... This Massey Ferguson tractor that was talking about,

What model again was it?

A... It's a 245, an MF 245. Erwin's brother had purchased

it in 1979. It was a '79 model.

Q... What's the value of a tractor like that these days?

A ...Roughly 7500.

Q ...This is a silly question. The law makes me ask this.

The value of that tractor, it's worth more than $1,500?

A... Correct.

Q..... But it's worth less than $20,000?

A... Correct (RR 2 p.77)

Here during this testimony, there was no reference to a purchase price,

or what fair market value is for this tractor. The question states, "What

is the value of a tractor like that these days? Answer is roughly 7500."

Based on what? Mr. Humphries is not the owner of this tractor. An

owner may testify as to his opinion of his property's value. **Sandone v.**

**State,** 394 S.W.3d 788, 791 (Tex.App.-Fort Worth 2013, no pet.); see

also **Uyamadu v. State**, 359 S.W.3d 753, 759 (Tex.App.-Houston [14th

Dist.] 2011, pet. ref'd) (stating that an owner may testify either in terms of purchase price or replacement cost).

Again, Mr. Humphries is not the owner, and is not qualified as a tractor salesman, or anyone who would have particular knowledge of any specific piece of farm equipment.

For purposes of determining whether minimum jurisdictional amount for felony theft has been met, fair market value of stolen property must be established if testimony concerning value is given by someone other than owner. **Jones v. State** (App. 14 Dist. 1991) 814 S.W.2d 801. Fair market "value" is the fair market value of the property at the time and place of the offense or, if the fair market value cannot be ascertained, the cost of replacing the property within a reasonable time after the theft. **Tex. Penal Code Ann. § 31.08(a)**. Appellant would agree with both of these methods, but neither of these methods was utilized. An opinion given by the owner's son-n-law with no collaborative information is all that is provided. Examples would be,

"Have you seen any tractors for sale in this area and how much did they cost? Or any references to eBay pricing or online tractor stores. Nothing was given to substantiate the fair market value or the replacement cost.

The owner cannot attest to the value or the model. See below

Q... Do you remember what model vehicle that is? What model tractor that is?

A... No, I really don't. I can't tell you that.

Q... Do you recall what year it was manufactured?

A... No, I can't do that either.

Q ...It's okay. I thank you for your honesty.

(RR2 p120)

For opinion of worth of property by someone other than owner, prerequisite to admissibility under this section is knowledge of fair market value. **Houston v. State** (App. 13 Dist. 1982) 636 S.W.2d 7, remanded 640 S.W.2d 605, on remand 652 S.W.2d 472. There is no knowledge of fair market value presented in this case.

11

## *Standard of Review*

In a sufficiency review, a reviewing court examines the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 550 (1979); *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010). The fact-finder is the exclusive judge of the facts, the credibility of the witnesses, and of the weight to be given testimony. *Brooks,* 323 S.W. 3d at 899. Any evidentiary inconsistencies are resolved in favor of the judgment. **Id.**


*Analysis*

Viewing the evidence in this case in the light most favorable to the verdict, a rational fact-finder could not have found beyond a reasonable

doubt that the tractor was valued between the amount of $1500 and $20,000. The owner did not testify to the tractor's value. The son-n-law testified to what it would "go for these days" as" $7500", (RR 2 p 77) but that was not based on anything substantive. Not the fair market value, not replacement cost, or any information to verify the value of the tractor. There was no testimony regarding the functioning of the tractor or if it had any mechanical issues. Therefore, the State failed to prove that the tractor was valued in the specified amount of $1500 to 20,000 dollars

*Conclusion*

The appellant in this case was not charged with ordinary theft but, rather, with theft of property valued between $1500 and $20,000, which rises to the level of a state jail felony. Evidence of that theft is insufficient because there was no proof that the property (a tractor) was in fact, valued at that amount. Absent that proof, the State failed to prove an essential element of the offense charged. While the jury as

the finder of fact is normally the sole judge of the weight and credibility of the witness' testimony, an appellate court retains the authority to disagree with the jury's determination "when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." **Johnson v. State,** 23 S.W.3d 1 (Tex. Crim. App. 2000). In the instant case, this court may prevent such manifest injustice by holding that the evidence supporting Mr. Hoe's conviction for theft of property was insufficient.

**Prayer**

**WHEREFORE,** Aaron JOSEPH HOES prays that this court reverse the judgment of the trial court and render a judgement of acquittal in this case or enter such other orders as it finds just and appropriate in keeping with its findings herein.

Law Office of Alice E. Price
408 South Liveoak
Lampasas, Texas 76550
Tel/Fax 512-556-4777

By: /s/ Alice E. Price
Alice E. Price
St Bar No. 00786177
Attorney for Appellant

## *CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH RULE 9*

This is to certify that on June 2, 2014, a true and correct copy of the above and foregoing document was served on Sonny McAfee, District Attorney, Burnet County. P O Box 725 Llano, TX 78643,
in accordance with the Texas Rules of Appellate Procedure,
and that the Brief of Appellant is in compliance with Rule 9 of the **Texas Rules of Appellate Procedure** and that portion which must be included under Rule 9.4(i)( 1) contains 12,461 words.

_/s/_Alice E. Price_____
Alice E. Price