Joseph CHACON, Jr., Appellant,

v.

CITY OF SAN ANTONIO et al., Appellees.

No. 15861.

Court of Civil Appeals of Texas, San Antonio.

Feb. 8, 1978.

Rehearing Denied March 1, 1978.

Earle Cobb, Jr., Cobb, Thurmond & Bain, Inc., San Antonio, for appellant.

James M. Parker, City Atty., Jackson C. Hubbard, Asst. City Atty., San Antonio, for appellees.

KLINGEMAN, Justice.

This is a suit by Joseph Chacon, Jr., appellant, against the City of San Antonio, its City Manager, and its Mayor, appellees, in the nature of inverse condemnation for damages allegedly caused by the passage of an ordinance known as the Airport Overlay Ordinance. Appellees answered that there had been no appropriation of appellant's land and that the suit should be abated and dismissed. The trial court held that no cause of action existed until such time as the City passes a specific ordinance covering plaintiff's land, and ordered that plaintiff's suit be abated and dismissed. The property involved is in the City of San Antonio.

Appellant's sole point of error is that the trial court erred in dismissing or abating plaintiff's cause of action based upon the pleadings.

Appellant, in his brief, asserts that the questions to be decided on this appeal are: (1) Does official announcement of the plans for the Airport Overlay Ordinance constitute an appropriation of plaintiff's property? (2) Does the passing of the Airport Overlay Ordinance constitute an appropriation of plaintiff's property? We have concluded that the answer to each of such questions is, "it does not."

This controversy has been the subject of a previous lawsuit between the parties. We think the holding and language in *Chacon v. Granata*, 515 F.2d 922 (5th Cir. 1975), cert. denied, 423 U.S. 930, 96 S.Ct. 279, 46

L.Ed.2d 258 (1975), is particularly applicable to the case herein.[1]

In such case, the Court said:

That the annexation itself inflicts no legal injury on these plaintiffs is clear, though it allegedly has caused a decline in the value of their property. Many kinds of legislative and administrative action affect property values, but, without some diminution in the owner's rights of use, do not constitute a taking within the purview of the Fourteenth Amendment. *See, e. g., Sayre v. City of Cleveland*, 6 Cir., 1974, 493 F.2d 64 (approval of urban renewal plan allegedly causing decline in value of plaintiff's property held not to constitute a taking of the property); *Woodland Market Realty Company v. City of Cleveland*, 6 Cir., 1970, 426 F.2d 955 (decline in property values caused by appropriation of adjacent land for urban renewal project held not a taking); *23 Tracts of Land, etc. v. United States*, 6 Cir., 1949, 177 F.2d 967, 969–970. * *

It may develop that the City of San Antonio, in promulgating restrictions on the use of plaintiffs' land or otherwise assuring adequate approach clearances for aircraft using the runways at the Air Force Base, will cause a taking of the land, either through improper zoning or abuse of its eminent domain powers. At present, however, we discern no more than an allegedly ill-intentioned legislative action causing no cognizable injury.

Appellant asserts and City concedes that, in the absence of an evidentiary hearing on

---

1. In *Chacon v. Granata*, plaintiffs were 20 landowners who sued the City after the City passed an ordinance annexing a large tract which included their lands. They asserted that the annexation was the first step in a scheme to deprive them of their property without just compensation, either by unlawful ordinance or eminent domain proceedings initiated after the annexation had driven down the property values. The City contended that the anticipated zoning or condemnation was to prevent uses of the subject land that would interfere with aircraft operations at Randolph AFB. The District Court held such annexation lawful and held that plaintiffs' challenge to anticipated zoning or condemnation proceedings by the City was premature and dismissed the suit. Plaintiffs appealed the dismissal of their cause of action and the appellate court held that: (1) the annexation was procedurally proper; (2) the annexation by itself is nothing more than an inchoate wrong that may never ripen; (3) the annexation itself inflicts no legal injury on the plaintiffs, though it allegedly caused a decline in the value of their property; (4) at the time of the dismissal of their complaint, the City had passed no zoning ordinances applying to plaintiffs' lands and under the circumstances the plaintiffs' fear about future zoning ordinances was not imminent; and (5) there had been no taking of the property within the purview of the Fourteenth Amendment.

a plea of abatement, the factual allegations of plaintiff's petition must be accepted as true. *See Brazos Electric Power Cooperative v. Weatherford Ind. School Dist.*, 453 S.W.2d 185 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.); *Taylor v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada*, 337 S.W.2d 421 (Tex.Civ.App.—Fort Worth 1960, writ ref'd n. r. e.); *Pait v. International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL–CIO*, 322 S.W.2d 340 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.).

Appellant's petition alleges that a 23-acre tract owned by him was taken for public use without compensation in violation of the Texas Constitution, the U.S. Constitution, and the Charter and ordinances of the City of San Antonio; that such zoning is an unlawful exercise of the police power in that it benefits only Randolph Air Force Base, and not the safety or welfare of the community; and that it amounts to inverse condemnation. Plaintiff sought damages in the amount of $46,000.00, and punitive or exemplary damages of $46,000.00. A copy of the City's Ordinance No. 44845, authorizing Military Aircraft Overlay Districts, was attached to the original petition.

The Ordinance involved amended Chapter 42 (Zoning) of the City Code by creating two classifications of Military Aircraft Overlay Districts (MAOD–1 and MAOD–2). It sets forth generally the anticipated location of such districts and gives approximate dimensions to be encompassed in each. It does not create or designate any specific zones. It does require that all procedures and requirements for zoning and rezoning of property must be followed in designation of property as being within such an overlay district. It does not mention any future acquisitions of land.

The Supreme Court of Texas, in *Ellis v. City of West University Place*, 141 Tex. 608, 175 S.W.2d 396 (1943), said:

We think it is now settled in this state that, generally speaking, 'municipal corporations have the right, under the police power, to safeguard the health, comfort, and general welfare of their citizens by such reasonable regulations as are necessary for that purpose.' 30 Tex.Jr. 120, Sec. 58. It is also equally well settled that zoning ordinances fall within the police power of municipalities and that such power, 'may be exerted to regulate the use, and where appropriate or necessary prohibit the use, of property for certain purposes in aid of the public health, morals, safety, and general welfare, and that the constitutional limitations form no impediment to its exertion where the enactment is reasonable and bears a fair relationship to the object sought to be attained.' [Citation omitted]

The Supreme Court of the United States, in *Chicago, B. & Q. R. Co. v. City of Chicago*, 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1896), said:

And as all property, whether owned by private persons or by corporations, is held subject to the authority of the state to regulate its use in such manner as not to unnecessarily endanger the lives and the personal safety of the people, it is not a condition of the exercise of that authority that the state shall indemnify the owners of property for the damage or injury resulting from its exercise. Property thus damaged or injured is not, within the meaning of the constitution, taken for public use, nor is the owner deprived of it without due process of law. The requirement that compensation be made for private property taken for public use imposes no restriction upon the inherent power of the state by reasonable regulations to protect the lives and secure the safety of the people.

In a case somewhat analogous to the one before us, *Sayre v. City of Cleveland*, 493 F.2d 64 (6th Cir. 1973), it was held that the approval of an Urban Renewal Plan allegedly causing a decline in the value of plaintiff's property did not constitute a taking of the property, the Court saying:

We are unable to find any judicial support for the broad proposition advanced

by appellee in his brief that there is an unconstitutional taking whenever a city in the conduct of its urban renewal program commits acts that lead to the devaluation of property. The converse of this proposition is particularly true where the city, as in this case, has neither initiated eminent domain proceedings, evidenced any intent to begin procedures, or physically invaded the property.

An examination of the ordinance reflects that plaintiff's property is nowhere mentioned nor is there anything in the record specifically describing such property or definitely placing its location within an overlay district. It is undisputed that no ordinance affecting such property has been passed subsequent to Ordinance 44845.

When and if a specific zoning district is created south of Randolph Air Force Base, appellant's property may well be included therein and it may develop that the restrictions under such designation will prove so burdensome as to constitute appropriation. Before such things can come to pass, the City's procedure and requirement for zoning and rezoning of property will have to be complied with. At this time, the City has neither initiated any eminent domain proceedings pertaining to plaintiff's property; evidenced any intent to commence any such proceedings; or physically invaded such property. There has been no taking or appropriation of appellant's property.

The trial court properly held that this suit was premature. The judgment is affirmed.