Dwayne H. KETCHUM, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–86–014–CR.

Court of Appeals of Texas,
Texarkana.

April 2, 1986.

Richard Langlois, Kosub & Langlois, San Antonio, for appellant.

Sam Millsap, Jr., Criminal Dist. Atty., San Antonio, for appellee.

CORNELIUS, Chief Justice.

Dwayne Ketchum was convicted of the felony offense of theft and assessed punishment of five years confinement.

The indictment charged that Ketchum: [W]ith intent to deprive the owner, LAWRENCE ROSENBERG, of property, namely: ONE (1) AUTOMOBILE WHEEL, ONE (1) AUTOMOBILE BRAKE DRUM, ONE (1) AUTOMOBILE TIRE AND TWO (2) WHEEL CAPS, did unlawfully appropriate said property by acquiring and otherwise exercising control over said property, said property being other than real property which had a value of TWO HUNDRED DOLLARS ($200.00) OR MORE BUT LESS THAN TEN THOUSAND DOLLARS ($10,000.00), without the effective consent of the owner;....

Ketchum contends the evidence is insufficient because the State failed to allege aggregation of value pursuant to Tex.Penal Code Ann. § 31.09 (Vernon 1974).

■ Section 31.09 does not apply to this case. That section applies when multiple acts of theft are committed pursuant to one scheme or continuing course of conduct, and it allows the values of property taken in all of the thefts to be aggregated to determine the grade of the offense. The allegation and proof in this case was of one act of theft where several items were taken. In such a case an allegation of the total value of the items taken is proper and sufficient. *Snider v. State*, 681 S.W.2d 60 (Tex.Crim.App.1984); *Wiley v. State*, 632 S.W.2d 746 (Tex.Crim.App.1982); *Dove v. State*, 112 Tex.Crim. 231, 15 S.W.2d 1042 (1929). While the indictment here did not use the word "total," it charged the theft of *"property,* namely:" (then follows a description of the items); and then alleged that *"said property"* had a value of more than $200.00 but less than $10,000.00. (Emphasis added.) The value allegation was sufficient, but since the value of each item was not alleged, the State was obligated to prove that all of the items alleged were stolen. *Anderson v. State*, 166 Tex.

Crim. 337, 314 S.W.2d 603 (1958), and cases cited.

■ We are also urged to reverse the conviction because there was insufficient evidence of the property's value. The basis of this argument is that Mr. Rosenberg testified to the replacement value of the items rather than their fair market value. We cannot agree. Mr. Rosenberg, who was manager of the store from which the items were taken and was therefore the owner for the purposes of this prosecution, testified to the fair market value of each item taken as well as their aggregate value which was $270.00. In explaining his testimony he referred to various replacement costs as bases for his calculations. Nevertheless, as said by our Court of Criminal Appeals in *Sullivan v. State*, 701 S.W.2d 905 (Tex.Crim.App.1986):

> [W]hen the owner of the property is testifying as to the value of the property, he or she may testify as to his or her opinion or estimate of the value of the property in general and commonly understood terms. Testimony of this nature is an offer of the witness' best knowledge of the value of his property. Such testimony will constitute sufficient evidence for the trier of fact to make a determination as to value based on the witness' credibility. This is true even in the absence of a specific statement as to "market value" or "replacement value."

For the reasons stated the judgment of the trial court is affirmed.