**Jackie Lee COLEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–296 CR**

Court of Appeals of Texas,
Beaumont.

Aug. 30, 1989.

---

Bruce W. Cobb, Beaumont, for appellant.

John DeWitt, Beaumont, for appellee.

OPINION

BURGESS, Justice.

A jury convicted appellant of theft. The court assessed punishment at 120 days in the county jail. Appellant presents two points of error. Both points concern the allegations of value in the information and the proof.

The information charged that appellant "did ... appropriate property ... namely, one handbag, one leather wallet, and current money ... of the value of at least twenty dollars but less than two hundred dollars...." The victim testified the value of the handbag was $20, the wallet's value was $10 and there was $2 in currency. Appellant argues the information does not state that the values of the property stolen were in an aggregate amount under *TEX. PENAL CODE ANN. sec. 31.09* (Vernon 1989) and, thus, the State was required to prove that each item was of a value of between $20 and $200. We disagree.

*TEX. PENAL CODE ANN. sec. 31.09* only applies to cases when multiple thefts are committed and the values of the property are aggregated to determine the grade of the offense. *Ketchum v. State,* 707 S.W.2d 718 (Tex.App.—Texarkana 1986, no pet.). The case before us involves the allegation and proof of one act of theft where several items were taken. In such a case, an allegation of the total value of the items is sufficient. *Snider v. State,* 681 S.W.2d 60 (Tex.Crim.App.1984). Since the value of each item was not alleged, the State was obligated to prove that all the items alleged were stolen. *Anderson v. State,* 166 Tex. Crim. 337, 314 S.W.2d 603 (1958). This they did. We overrule both points of error and affirm the judgment.

AFFIRMED.