**Chester Josh JONES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–90–00993–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 25, 1991.

Aaron E. Ray, Houston, for appellant.

Carmen Falls Hunter, Houston, for appellee.

Before JUNELL, CANNON and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Chester Josh Jones, appeals his judgment of conviction for the offense of felony theft. Texas Penal Code Ann. § 31.03 (Vernon 1989). Appellant waived trial by jury and the Court rejected appellant's not guilty plea and, after finding the two enhancement paragraphs of the indictment to be true, assessed punishment at life confinement in the Institutional Division of the Texas Department of Criminal Justice, We affirm.

Viewed in the light most favorable to the verdict the evidence showed the following. On August 23, 1989, Harvey Oudekerk worked as an electrical contractor at the job site of a three-story office building. At about 5:00 p.m. Oudekerk went to see Duncan Frazee, the project manager at Yearout–Ledet Construction. While returning to his office from seeing Frazee, Oudekerk passed the job site, and saw some men loading material into a parked truck. Oudekerk returned to the Yearout Construction office to ask Frazee about the men, and they called the police.

Frazee and Oudekerk returned to the job site, where they saw four people loading aluminum mullions onto a truck. A Mullion is a piece of aluminum that holds window glass into a structure. They watched the men for about five minutes. When the men began to leave, Frazee yelled at them to stop. Oudederk testified that the men appeared to have heard Frazee but did not stop. Instead, the truck proceeded west. Oudekerk and Frazee followed the truck in separate vehicles. On FM 249, Oudekerk

flagged down a Sheriff's vehicle and gave a Deputy Thomas a description of the truck and its license plate number. Oudekerk and Frazee had lost sight of the truck for about three minutes, but saw the truck again while talking to Thomas. They pointed out the truck to Thomas, and all three of them pursued the truck.

Thomas pulled the truck over, and Oudekerk recognized the people who got out of the truck as the same individuals who had loaded the mullions onto the truck earlier. The aluminum mullions, which were still on the truck, were moved to the job site. Oudekerk, Frazee and Ron Yearout, the owner of Yearout construction, returned to the job site and unloaded the mullions.

Later, Officer Thomas went to the job site to take pictures of the mullions. Thomas determined there were twenty-eight mullions on the truck. Thomas also testified that Frazee and Oudekerk identified the men he stopped as the same men they saw loading the mullions.

■ In his first point of error, appellant asserts the evidence is insufficient to prove that the value of the stolen property exceeded the minimum jurisdictional amount of $750.00.

In reviewing the sufficiency of the evidence, the Court must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989). We find that, considering the evidence in the light most favorable to the verdict, there was sufficient evidence for the trial court to find the value of the mullions exceeded seven hundred fifty dollars.

According to Tex.Penal Code Ann. § 31.-08(a) (Vernon's 1989), the definition of value is:

(1) the fair market value of the property or service at the time and place of the offense;  or

(2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft.

■ Fair market value must be established if the testimony concerning value is given by someone other than the owner. *Sullivan v. State*, 701 S.W.2d 905, 908 (Tex.Crim.App.1986). It has long been the rule in this State that the owner of property is competent to testify as to the value of his own property. *Id.* When an owner testifies, the presumption is that the owner is testifying to an estimation of the fair market value. *Id.* Thus, the owner may testify as to the fair market value of the property either in terms of purchase price *or the cost to him of replacing the stolen property. Id.* (emphasis added.) Because an owner's testimony is an offer of the witness's best knowledge of the value of his property, such testimony constitutes sufficient evidence for the trier of fact to make a determination as to value based on the witness's credibility. *Id.* at 909. If appellant wishes to rebut the owner's opinion evidence he must do more than merely impeach the witness' credibility during cross-examination; he must offer controverting evidence as to the value of the property. *Id.*

■ The State alleged Donald Frazee as the owner of the aluminum mullions. In a prosecution for theft, the State may allege ownership by alleging a person who has a greater right to possession of the property than the defendant. *Inman v. State*, 650 S.W.2d 417, 419 (Tex.Crim.App.1983). Frazee testified as to the replacement value of the mullions, but appellant asserts that Frazee's testimony was not sufficient to establish the value of the mullions.

In *Ketchum v. State*, 707 S.W.2d 718, 719 (Tex.App.—Texarkana 1986 no pet.), the witness testified to the replacement value of the stolen items and not to their fair market value. As in the case before this Court, appellant argued that because the witness was only the manager of the store and testified as to the replacement value, the evidence was insufficient to support the conviction. *Id.* The Court disagreed, stating that the manager of the store from which the items were taken,

was the owner for purposes of the prosecution. *Id.*, quoting *Sullivan v. State, supra*, the court noted that an owner may testify as to the replacement value of the property and that will be sufficient. *Id.* Frazee testified that as project manager of the site he had care, custody and control of the aluminum mullions. There were two types of mullions at the job site: new mullions purchased from a factory in Bay City, Texas and older mullions purchased from a job site in Huntsville, Texas. Frazee stated that he did not know if new or old mullions were stolen, but he did know that to replace the mullions, be they newly purchased or taken from Huntsville, would cost $6.90 per linear foot. Frazee testified that the total linear footage of the stolen mullions was twenty-eight times twelve feet, and the actual cost of the mullions themselves was two thousand four hundred and ninety dollars ($2490). Frazee testified that they measured the mullions depicted in State's Exhibits nos. 1 through 10. The mullions were counted at the site where the truck was pulled over and again when they unloaded the mullions at the site. Frazee testified that every mullion on the truck came from their construction site. The mullions had been cut to fit with the building, and the cost of the labor involved would further increase the value of the mullions.

To summarize the evidence. Frazee, the job supervisor, was the owner of aluminum mullions for the purposes of this prosecution. He had care, custody and control over the mullions, and a greater right of possession to them than did appellant. Furthermore, he was alleged as the owner in the indictment. As the owner of the mullions, Frazee was qualified to testify as to their value, be it replacement value or market value. Frazee testified as to the replacement value of the mullions, and from this testimony, the trial court rightly found that the value of the mullions exceeded the jurisdictional minimum. We find that in examining the evidence in the light most favorable to the verdict, there was sufficient evidence to find appellant guilty, especially since appellant presented no controverting evidence at trial to rebut

the State's evidence as to value. Appellant's first point of error is overruled.

■ In his second point of error, appellant asserts that the trial court erred in admitting the photographs of the stolen property because the chain of custody had not been established. The determination of admission of evidence is within the sound discretion of the trial court. *Jackson v. State*, 575 S.W.2d 567, 570 (Tex.Crim.App. 1979). The trial court's determination will not be reversed on appeal unless a "clear abuse of discretion is shown." *Werner v. State*, 711 S.W.2d 639, 643 (Tex.Crim.App. 1986).

We note that even if the photographs were wrongly admitted, the error would not result in a reversal of appellant's conviction. The improper admission of evidence does not constitute reversible error if the same facts are proved by other properly admitted evidence. *Anderson v. State*, 717 S.W.2d 622, 628 (Tex.Crim.App.1986). Here, Frazee testified that twenty-eight mullions were taken from the job site, and then driven back to the job site, where they were stacked, counted and photographed. The photographs show the stack of mullions from several different angles. Because Frazee had testified that there were twenty-eight aluminum mullions returned to the job site and stacked there, the photographs did not present any new evidence to the judge that he had not already heard. Thus, even if it was error, the error was harmless.

Furthermore, Frazee testified that the mullions shown in the photographs were the same mullions that were removed from the construction site, because he "put 'em right there off their truck." When asked how he knew the mullions loaded on the truck were the same mullions in the picture, Frazee responded: "There's no way they could have driven off the site, thrown the mullions that I saw taken off the site, grab some new ones and put 'em on and minutes later be pulled over with the same exact ones that would have come off that site anyway." Upon further questioning, Frazee explained that "those [the mullions] are particular to that job. Those mullions

right there, you cannot go anywhere else and see those mullions going up on a job site in Houston, Harris County, Texas."

Later, Officer Thomas went to the construction site to take pictures of the mullions, i.e., State's Exhibits one through ten. When Thomas was asked how he could be sure the mullions that were taken back to the site were the same mullions that were loaded onto the wrecker, since he had not ridden with the wrecker, he stated, "I recognized them from the truck, because of the attachments on them." When Thomas returned to the construction site to photograph the mullions, he counted the mullions and determined they were the same mullions from the truck he had originally pulled over on Highway 249. Thomas also counted the mullions at the arrest scene.

■ Furthermore, the trial court is presumed to have disregarded any inadmissible evidence. *Komurke v. State*, 562 S.W.2d 230, 235 (Tex.Crim.App.1978). Thus, even if the photos were inadmissible, the trial court is presumed to have not considered them in reaching the verdict. Appellant's second point of error is overruled.

■ In his third point of error, appellant submits that the trial court erred in admitting an in-court identification of appellant because it was tainted by a prior identification occurring at the scene. The trial court, as the trier of the facts, is the sole judge of the credibility of witnesses and the weight to be given their testimony and may accept or reject all or any part of any witnesses' testimony. *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex.Crim.App.1976).

According to *Komurke v. State, supra,* the in-court testimony of a witness is admissible, even if the identification procedure was impermissibly suggestive, if the witness had a prior observation of the accused that was sufficient to serve as an independent origin for the in-court identification. *Komurke v. State*, 562 S.W.2d at 234. Oudekerk and Frazee's prior observations of appellant provided a sufficient basis for their in-court identification of appellant.

At trial, Oudekerk testified that he clearly saw appellant stealing the mullions from the job site. Frazee also identified appellant as one of the men he saw loading aluminum mullions onto a truck at the job site. Because of this testimony, appellant's point is without merit. Both Oudekerk and Frazee testified that they saw appellant at the job site. Thus, the judge could have chosen to believe Oudekerk and Frazee's testimony and concluded that the in-court identification was not influenced by the identification made at the arrest scene, where Oudekerk and Frazee positively recognized appellant as one of the men loading the mullions. Appellant's third point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.