COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| ISMAEL VARGAS GODINEZ, | § | No. 08-12-00218-CR |
| Appellant, | § | Appeal from |
| v. | § | 283rd District Court |
| THE STATE OF TEXAS, | § | of Dallas County, Texas |
| Appellee. | § | (TC # F-1060117-T) |

# **O P I N I O N**

Ismael Vargas Godinez appeals his conviction of theft of property valued at more than $1,500 but less than $20,000, a state jail felony. The trial court assessed punishment at a fine of $1,500 and confinement for two years, but the court suspended the sentence and placed Appellant on community supervision for two years. We affirm.

## **FACTUAL SUMMARY**

Laurel Howell and Jaime Goetze own Posh Couture Rentals (Posh), a business that rents china, flatware, glassware, tables, chairs, and linens for parties, weddings, and other events. Posh has a large inventory which is stored at two warehouses. Appellant worked as a driver for Posh and his co-defendant, Miguel Suarez, worked in the warehouses. The drivers were required to collect and return Posh's property to the warehouses when the event concluded even if the event ended late in the evening. Consequently, Appellant had access to the warehouses after

business hours.

Howell conducted an inventory in August 2010 and discovered that hundreds of chairs and numerous tables were missing. She later discovered a business card in the warehouse parking lot for a rental company which had on it the first names and phone numbers of Appellant and Suarez. The card also had a picture of a chair that looked like one of the chairs missing from Posh's inventory. Howell and Goetze called the police but the responding officer told them it was a "civil matter". The officer suggested that they attempt to catch Appellant and Suarez with the stolen property.

Howell asked a friend who spoke Spanish to call the telephone number on the business card. Appellant answered and Howell's friend talked to him about renting some tables and chairs. Appellant quoted her prices which were about one-half of what Posh would charge for the same rentals. Howell's friend made arrangements with Appellant to deliver the furniture to an address on Brighton on September 1, 2010 which was Appellant's day off. On that date, Goetze remained at the warehouse to watch Suarez while Howell and another employee, Laura Kelsey, waited across the street for Appellant to arrive at the address on Brighton. When Appellant arrived, Kelsey blocked the truck with her car and called 911 while Howell confronted Appellant and demanded to see the contents of the truck. Howell found chairs, tables, and linens from Posh's current stock. Howell asked Appellant where he had gotten the property and he began apologizing to her. She then asked him if he had more of Posh's property and he told her that they had a warehouse. Appellant then sat down and started crying. Howell called Goetze and told her what had happened.

A Dallas Police Officer, Thaddeus Hasse, arrived at the Brighton address and spoke to Howell. Howell told him that Appellant was one of her employees and had stolen property from

her business. Hasse spoke with Appellant who confirmed that Howell was his boss and she was upset. Hasse asked Appellant why Howell was upset and he replied, "Because this is her stuff." Appellant also told Hasse that he had done nothing wrong and he was just repairing the items which were inside of the truck. Hasse looked inside of Appellant's truck and saw tables, chairs, and linens. He did not see any damage on the tables or chairs which required repair. The tables still had Howell's business logo on them and the linens were freshly pressed. Hasse learned during the course of his investigation that it was Appellant's day off and a warehouse manager had observed Appellant taking table and chairs from the warehouse earlier that day. Hasse told Appellant he had a witness who saw him taking property from the warehouse. Appellant replied that he repairs broken property at another location and had additional property there. Appellant insisted that the property in the truck and at the other location was his and he consented in writing to a search of his storage unit.

In the meantime, Goetze confronted Suarez and he told her that he had their property at a storage unit. Suarez took Goetze to the storage unit but he did not have the key. They went to the storage facility's business office and spoke to Bonnie Riley. Suarez explained to Riley that the property in the storage unit belonged to Goetze. Riley told Goetze she had one hour to get her property out of the storage unit because she did not want the police there. Suarez then fled on foot.

Goetze called the police and entered the storage unit where she found 310 chairs, 34 tables, and linens. Goetze was able to identify the furniture as belonging to her and Howell because it was marked either RSVP[1] or Posh. Howell and Goetze retrieved their property from the truck and the storage unit. Goetze prepared an inventory of the property recovered from the storage unit and estimated that it had a total value of $18,571. Howell told Officer Hasse at the

---

[1] Posh had purchased RSVP's assets.

scene that the total value of the property inside of the truck was $5,300, but at trial she revised her estimate and testified that the tables and chairs were worth $1,000 and the linens were $1,000 for a total value of $2,000. Appellant testified that he had worked at both Posh and RSVP. He had been operating his own rental business since sometime in 2010. Both businesses discarded damaged goods and his employers permitted him to take what was being discarded. He then repaired the property and added it to his own business inventory. Appellant denied stealing any property from Posh. He claimed that he told Howell when she confronted him that he had salvaged and repaired all of the property and he would not return it unless she paid him for it. Roberto Gallegos had previously worked at RSVP and he testified that the company threw away damaged goods. Isiagor Rostieta had worked at both RSVP and Posh. He testified that RSVP would dispose of damaged goods by having garage sales but Posh simply threw damaged goods away every two weeks.

Howell and Goetze refuted Appellant's claim that he had salvaged the goods. They testified that they repair damaged items when possible and they kept damaged items for parts. Additionally, they specifically denied discarding any damaged tables and chairs like the ones recovered from the storage unit and Appellant's truck. Further, Howell testified that Appellant did not tell her he had salvaged and repaired the items or that he wanted to be compensated for them.

A grand jury indicted Appellant for theft of chairs, tables, and linens from Laurel Howell with a value of more than $20,000 but less than $100,000. The jury found him guilty of the lesser-included offense, theft of property valued at more than $1,500 but less than $20,000. The trial court assessed punishment at confinement for two years in the State Jail, probated for two years, and a fine of $1,500.

**SUFFICIENCY OF THE EVIDENCE**

In his first issue, Appellant challenges the legal sufficiency of the evidence supporting his conviction. More specifically, he argues that the evidence fails to prove beyond a reasonable doubt that he appropriated the property without Howell's consent or that the property had a value of more than $1,500 but less than $20,000. *Standard of Review*

In reviewing the sufficiency of the evidence to determine whether the State proved the elements of the offense beyond a reasonable doubt, we apply the *Jackson v. Virginia* standard. *Brooks v. State*, 323 S.W.3d 893, 895-96 (Tex.Crim.App. 2010), *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under that standard, a reviewing court must consider all evidence in the light most favorable to the verdict and in doing so determine whether a rational justification exists for the jury's finding of guilt beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894-95, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. As the trier of fact, the jury is the sole judge as to the weight and credibility of witness testimony, and therefore, on appeal we must give deference to the jury's determinations. *Brooks*, 323 S .W.3d at 894-95. If the record contains conflicting inferences, we must presume the jury resolved such facts in favor of the verdict and defer to that resolution. *Id.* On appeal, we serve only to ensure the jury reached a rational verdict, and we may not reevaluate the weight and credibility of the evidence produced at trial and in so doing, substitute our judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000).

In our review, we consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). The standard of review is the same for both direct and circumstantial evidence cases. *Id.*; *Arzaga v. State*, 86 S.W.3d 767, 777 (Tex.App.--El Paso 2002, no pet.).

Each fact need not point directly and independently to the guilt of the accused, so long as the cumulative force of all the evidence, when coupled with reasonable inferences to be drawn from that evidence, is sufficient to support the conviction. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004); *Arzaga*, 86 S.W.3d at 777.

*Appropriation*

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. TEX.PENAL CODE ANN. § 31.03(a)(West Supp. 2014). "Appropriate" means "to acquire or otherwise exercise control over property other than real property." TEX.PENAL CODE ANN. § 31.01(4)(B). Appropriation is "unlawful" if it is without the owner's effective consent. TEX.PENAL CODE ANN. § 31.03(b)(1). "Consent" means assent in fact, whether express or apparent. TEX.PENAL CODE ANN. § 1.07(11)(West Supp. 2014). The crucial element of theft is the deprivation of property from the rightful owner, without the owner's consent, regardless of whether the defendant at that moment has taken possession of the property. *Stewart v. State*, 44 S.W.3d 582, 588 (Tex.Crim.App. 2001).

Appellant argues that the evidence is insufficient to prove that Howell did not consent to him taking the furniture and linens because there is no evidence that he "took anything other than what was intended to be thrown away." In support of this argument, Appellant points to his own testimony that he had obtained the property in question after it was discarded by RSVP and Posh, and the testimony of former co-worker, Isiagor Rostieta, that Howell threw away damaged property every two weeks. The jury heard other evidence which established that Appellant appropriated the property without Howell's consent and contradicted the testimony of Appellant

and Rostieta. Most of the items recovered from Appellant's truck and storage unit were either new or in good condition. Further, Howell and Goetze denied regularly discarding damaged items as claimed by Appellant. They sold discontinued items and repaired the goods when possible and retained the unrepairable goods for parts to make repairs. Howell had discarded thirty to forty chairs because they could not be repaired, but they were not the same style of chair taken by Appellant.

It was the jury's task to determine the credibility of the witnesses for the State and the defense, including Appellant, and to resolve the conflicts in the evidence. The jury resolved these conflicts and made its credibility determinations in favor of the State. We find that the evidence, when taken in the light most favorable to the jury's verdict, is legally sufficient to permit a rational trier of fact to find beyond a reasonable doubt that Appellant appropriated the property without Howell's effective consent.

### *Value*

The Penal Code describes several grades of theft ranging from a Class C misdemeanor to a felony of the first degree. TEX.PENAL CODE ANN. § 31.03(e). With few exceptions not applicable here, the only element distinguishing one grade of theft from another is the value of the property taken. *See id.* Under Texas law, the value of the property taken is an essential element of the offense. *See Simmons v. State*, 109 S.W.3d 469, 478-79 (Tex.Crim.App. 2003).

The Penal Code defines value as the fair market value at the time and place of the offense or, if that cannot be ascertained, the cost of replacing the property within a reasonable time after the theft. TEX.PENAL CODE ANN. § 31.08(a)(West 2011). Fair market value is the amount the property would sell for in cash, given a reasonable time for selling it. *Keeton v. State*, 803 S.W.2d 304, 305 (Tex.Crim.App. 1991). Value may be proved in a variety of ways. *See Keeton*,

803 S.W.2d at 305. One method of proving value is through the testimony of the property owner. *Id.*; *see Sullivan v. State*, 701 S.W.2d 905, 908 (Tex.Crim.App. 1986)("It has long been the rule in this State that the owner of property is competent to testify as to the value of his own property."). When an owner testifies, the presumption is that the owner is testifying to an estimation of the fair market value. *Id.*; *Uyamadu v. State*, 359 S.W.3d 753, 759 (Tex.App.-- Houston [14th Dist.] 2011, pet. ref'd). The owner may testify as to the fair market value of the property either in terms of purchase price or the cost to him of replacing the stolen property. *Jones v. State*, 814 S.W.2d 801, 803 (Houston [14th Dist.] 1991, no pet.); *Uyamadu*, 359 S.W.3d at 759.

Appellant contends that the evidence is insufficient to prove value because Goetze did not "consider the value of items taken from the trash." Appellant's argument erroneously assumes that the jury believed his testimony that he did not appropriate the property without consent but instead retrieved it from the trash and repaired it to use in his own business. The jury determined that Appellant appropriated the property in question without Howell's effective consent, and in so doing, rejected his assertions that he retrieved the property from the trash. Appellant also argues that the testimony of Goetze and Howell as to value is not credible. The jury, as the fact finder, is entitled to judge the credibility of the witnesses and we are required to defer to the jury's determination of credibility. *Brooks*, 323 S.W.3d at 899-900.

The evidence at trial established that Howell and Goetz are the co-owners of the stolen property. Howell, who was named in the indictment as the owner of the property, testified that the value of the tables, chairs, and linens recovered from Appellant's truck was a total of $2,000. Goetze prepared an inventory of the items taken by Appellant and recovered from the storage unit. Most of the property was in good condition, some of it was damaged but repairable, and

other items were not repairable.  She testified that the total value of the tables, chairs, and linens was $18,571.  The inventory reflects that Goetze and Howell recovered 310 chairs from Appellant's storage unit.  Howell testified that the fair market value of a rentable chair is $20 to $25.  Based upon this evidence, the total fair market value of the chairs alone is $6,200 to $7,750.  Accordingly, we conclude that the evidence is legally sufficient to permit a rational trier of fact to conclude that the property stolen by Appellant had a value of at least $1,500.  Issue One is overruled.

## DENIAL OF A FAIR TRIAL

In Issue Two, Appellant contends that the State violated his right to due process and a fair trial because law enforcement and the District Attorney's Office did not conduct a meaningful investigation.  Appellant asserts that Officer Hasse simply assumed the items in the truck were stolen and allowed Howell to unload Appellant's truck without conducting an inventory, and no one from law enforcement or the District Attorney's Office ever examined the items at Posh's facility or conducted an inventory.  As a result of this inadequate investigation, Appellant argues he did not have notice until trial of what items the State was alleging he had misappropriated. The State has a duty to seek the truth in its investigation of crimes, and where its investigative procedures are so seriously flawed that they undermine confidence in the verdict, the accused's right to due process has been violated.  *Cook v. State*, 940 S.W.2d 623, 630 (Tex.Crim.App. 1996), *citing Foster v. California*, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969); *Ex parte Brandley*, 781 S.W.2d 886 (Tex.Crim.App. 1989).  As observed by the State in its brief, Appellant did not raise any complaint in the trial court that his right to due process had been violated due to a seriously flawed investigation.  To preserve a complaint for review, a party must have presented to the trial court a timely request, objection, or motion that states the

specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX.R.APP.P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012). Numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex.Crim.App. 2009). Accordingly, we find that the issue has not been preserved for appellate review.

Even if Appellant had preserved the issue, we find that the record does not support his assertion that the investigation was so seriously flawed he did not have a fair trial or notice of the charged offense. In determining whether an accused's due process rights under the Fourteenth Amendment have been violated as a result of the State's investigative procedures, a reviewing court looks to the totality of circumstances. *Ex parte Brandley*, 781 S.W.2d at 893. Contrary to Appellant's assertion, Officer Hasse did not simply assume that the property in the truck was stolen. He spoke first with Howell who told him that Appellant worked for her, had keys to the business, and had taken the items in the truck from her business. He then spoke to Appellant who told him that Howell was upset, "[b]ecause this is her stuff." Appellant also told Hasse he had keys to the business, he done nothing wrong, and he had taken the property out of the trash. Hasse inspected the property closely and did not see any damage which would require repairs. Hasse also had information from another officer that a Posh warehouse manager had observed Appellant take tables, chairs, and linens from the business earlier that day. Hasse also spoke with Goetze who was at Appellant's rental unit and gathered information from her. Based upon the information he learned through his investigation and the evidence at the scene, Hasse arrested Appellant for felony theft. Appellant faults Hasse for not conducting an inventory of the items in the back of Appellant's truck but Hasse testified there were ten tables, ten chairs, and an

- 10 -

assortment of linens. Appellant also faults law enforcement and the District Attorney's Office for not conducting an inventory of the property in Appellant's storage unit. Goetze prepared a detailed inventory of the property and that inventory was provided to Appellant albeit shortly before trial. Further, the indictment alleged that Appellant committed theft of 340 chairs, 45 tables, and assorted linens from Laurel Howell with a total value of more than $20,000 but less than $100,000. Thus, Appellant had notice of the property the State was alleging he had stolen and he effectively cross-examined Hasse, Goetze, and Howell about the property and its value. The record does not support a conclusion that the investigation conducted by law enforcement or the District Attorney's Office was so seriously flawed that Appellant was denied his right to a fair trial. Issue Two is overruled.

## ADMISSIBILITY OF STATEMENT

In his third issue, Appellant contends that his statements to Officer Hasse are inadmissible because the officer failed to first advise him of his right to remain silent as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct.1602, 16 L.Ed.2d 694 (1966). Appellant filed a written motion to suppress prior to trial, but he did not obtain a pretrial hearing on the motion. Appellant instead agreed that the motion could be carried along with the trial. Officer Hasse testified without objection about Appellant's statements to him and defense counsel cross-examined him about those statements before he raised any complaint about the admissibility of the statements. We conclude that Appellant's objection to the admissibility of the statements was untimely. *See* TEX.R.APP.P. 33.1(a)(1)(requiring a timely complaint); *Thomas v. State*, 884 S.W.2d 215, 216-17 (Tex.App.--El Paso 1994, pet. ref'd)(motion to suppress did not preserve complaint where appellant waited until after the officers testified about discovery of cocaine to urge his motion). Issue Three is overruled. Having overruled each issue, we affirm the

judgment of the trial court.


September 18, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
(Rivera, J., not participating)

(Do Not Publish)