Crispin MORALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00302–CR.

Court of Appeals of Texas,
Texarkana.

Submitted July 28, 1999.

Decided Aug. 3, 1999.

Rehearing Overruled Aug. 31, 1999.

Discretionary Review Refused
Dec. 15, 1999.

Alfonse Mendez, Terri Hamby, Dallas, for appellant.

Tom O'Connell, Dist. Atty., Curtis Howard, Asst. Dist. Atty., McKinney, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Chief Justice CORNELIUS.

Crispin Morales appeals from a judgment finding him guilty, after trial by jury, of theft of property valued at more than $50.00 but less than $500.00. Tex. Pen. Code Ann. § 31.03(e)(2)(A)(i) (Vernon Supp.1999). Punishment was set at 120 days in jail, probated for one year, and a fine of $600.00.

Morales contends that the evidence is legally and factually insufficient to prove the value of the stolen property, and that the trial court erred in admitting the testimony of Sergeant David Waldschmidt regarding the value of the crepe myrtles claimed to have been stolen, because he lacked personal knowledge of the value of the property. We overrule these contentions and affirm the judgment.

The State produced evidence that Morales and Jesus Zamora stole four crepe myrtle plants from David Kline. Although Morales denied that he intended to steal the plants, he does not challenge the sufficiency of the evidence to support the jury's finding that he did steal them. He only challenges the sufficiency of the State's evidence of the value of the stolen property.

The State proved the values of the plants by the testimony of the owner, Mr. Kline, and of Sergeant David Waldschmidt, a McKinney police officer who apprehended Morales. Morales contends that the evidence of value is insufficient because the testimony of Kline and Waldschmidt is inadequate, and specifically because the State failed to introduce any documentary evidence of value.

Kline testified that he had purchased the plants about a year before the theft, that he paid approximately $50.00 each for them, and that he did not know exactly how much they cost at the time of the offense. He also testified on redirect that he purchased the plants for about $50.00 each, and that was how much they were worth to him on March 15, 1997. This testimony was admitted without objection.

Sergeant Waldschmidt testified that he had some experience with crepe myrtles when he bought some with his wife, and that he would have paid between $50.00 and $80.00 each for crepe myrtles similar to those stolen.

Value for purposes of the theft statute is the fair market value of the property at the time and place of the

offense, or if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft. TEX. PEN.CODE ANN. § 31.08(a) (Vernon 1994). In order to establish value, the State must produce evidence of the fair market value of the property in question. *Sullivan v. State,* 701 S.W.2d 905, 908 (Tex.Crim.App.1986). "Fair market value" is the amount of money the property in question would sell for in cash, given a reasonable time for selling it. *Keeton v. State,* 774 S.W.2d 716, 717 (Tex.App.-El Paso 1989), *aff'd,* 803 S.W.2d 304 (Tex.Crim.App.1991).

 An owner is competent to testify to the value of property, even though he is not qualified as an expert on the value. *Sullivan v. State,* 701 S.W.2d at 909. When the owner testifies to value, he may testify in general and in commonly understood terms. Testimony of this nature is an offer of the witness' best knowledge of the value of the property. Such testimony is sufficient evidence for the trier of fact to determine value, based on the witness' credibility, even absent specific mention of "market value" or "replacement value."

 When an owner testifies, it is presumed that he is testifying to an estimate of the fair market value. If the defendant wishes to rebut the owner's opinion evidence, he must do more than just impeach the owner's credibility on cross-examination; he must offer controverting evidence of the value of the property. *Sullivan v. State,* 701 S.W.2d at 909; *Johnson v. State,* 903 S.W.2d 496, 498 (Tex.App.-Fort Worth 1995, no pet.); *Rivera v. State,* 885 S.W.2d 581, 584 (Tex.App.-El Paso 1994, no pet.); *Aitch v. State,* 879 S.W.2d 167, 175 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd); *Ketchum v. State,* 707 S.W.2d 718, 719 (Tex.App.-Texarkana 1986, no pet.).

Here, the owner of the stolen property gave his opinion of the value, and Morales did not object to the testimony. In that situation, it is presumed that the owner testified to the property's fair market value, and such testimony is sufficient to take to the jury for their evaluation of the owner's credibility. Morales did not offer any controverting evidence as to the value of the crepe myrtles, so the presumption was not rebutted. Kline's opinion of value, at $50.00 each for the trees, places the value of the property within the range of value defining the offense.

We need not pass on the validity or sufficiency of Sergeant Waldschmidt's testimony on value since we have found that Kline's testimony is sufficient. The fact that there may be some conflict between Kline's and Waldschmidt's evidence of value is not dispositive. The jury is free to resolve conflicts in the evidence and accept such testimony as it desires.

Additionally, it was not necessary for the State to introduce documentary evidence of the value. The testimony of the owner is sufficient.

We hold that a rational trier of fact could have found beyond a reasonable doubt that the value of the property was between $50.00 and $500.00; and we further hold that the jury's determination that the value of the stolen property fell within the statutory range was not contrary to the overwhelming weight of the evidence. *Clewis v. State,* 922 S.W.2d 126, 134–35 (Tex.Crim.App.1996).

 Morales contends that Officer Waldschmidt's "bolstering testimony" improperly influenced the trial court in assessing punishment because his opinion made the plants appear more valuable than Kline said they were. We overrule this contention. First, Officer Waldschmidt's testimony was not bolstering. A party may attempt to prove a fact by more than one witness, and if the party does so, the additional testimony is not bolstering. Bolstering is when testimony's sole purpose is to enhance the credibility of another witness, without adding anything to the proof of a relevant fact. *Cohn v. State,* 849 S.W.2d 817 (Tex.Crim.App.1993). Second,

we find no indication that Sergeant Waldschmidt's testimony had any effect on the court's assessment of punishment.

For the reasons stated, we affirm the judgment.