Opinion filed April 20, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 20, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-03-00321-CR 

                                                    __________

 

                            RONALD EVAN RICHARDSON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 161st  District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. B-30,545

 



 

                                                                   O
P I N I O N

 

The jury convicted Ronald Evan Richardson of theft
and assessed his punishment at two years confinement in a state jail facility
and a $10,000 fine.  We affirm.








In two points of error, appellant argues that the
evidence is legally and factually insufficient to support his conviction.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak that the verdict is
clearly wrong and manifestly unjust or whether the evidence contrary to the
verdict is so strong that the beyond-a-reasonable-doubt burden of proof could
not have been met.  Zuniga v. State, 144
S.W.3d 477 (Tex. Crim. App. 2004); Ross v. State, 133 S.W.3d 618
(Tex. Crim. App. 2004); Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim.
App. 2002); Cain v. State, 958 S.W.2d 404 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).  We review the fact-finder=s weighing of the evidence and cannot
substitute our judgment for that of the fact-finder.  Cain, 958 S.W.2d at 407; Clewis,
922 S.W.2d at 135.  Due deference must be
given to the jury=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson v. State, 23
S.W.3d 1 (Tex. Crim. App. 2000); Jones v. State, 944 S.W.2d 642 (Tex.
Crim. App. 1996).  This court has the
authority to disagree with the fact-finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.@  Johnson, 23 S.W.3d at 9.

Narciso Gomez testified at trial that he sold
merchandise such as bed covers, carpets, bicycles, and scooters at a street
corner in Odessa.  Gomez used a trailer
to transport the merchandise to Odessa from California and Mexico.  Gomez stated that on October 29, 2001, he
locked his merchandise inside of the trailer and closed for the day.  When Gomez returned, his trailer and all of
his merchandise were gone.  Gomez
reported the stolen trailer to the police. 
Several months later, the police called Gomez to identify pictures of a
trailer recovered in Abilene, Texas. 
Gomez was able to verify that the trailer recovered in Abilene belonged
to him, and Gomez went to Abilene to get the trailer.  Gomez had to replace the wheels on the
trailer because they had been removed, and he had to do some welding repairs on
the trailer.  Gomez was later contacted
by the Odessa Police Department to identify some of the merchandise that they
recovered while investigating the theft. 

Officer Jerry Jones of the Odessa Police
Department testified that Crystal Faye Keith came to them and gave them
information concerning the theft of a trailer. 
Keith told the police that appellant was involved in the theft of a
trailer as well as several other theft offenses.  A search warrant was issued for appellant=s mother=s
residence, and the police recovered stolen merchandise from that residence.








Jason Reed Cotton testified that he went with
appellant, Keith, Shane Crochette, and Nora Dickman to a club; they were all
drinking.  The group left the club around
midnight in Cotton=s
pickup.  Appellant was driving.  Cotton testified that they went to the corner
of 42nd and Dixie Streets in Odessa and hooked a utility trailer up to his
pickup.  Appellant continued driving the
pickup; and, as he was driving, the trailer broke loose from the pickup.  As they were trying to hook the trailer to
the pickup again, a police officer arrived on the scene.  The officer helped attach the trailer, and
now Cotton was driving his pickup.  They
took the trailer to appellant=s
business and cut the lock off the trailer. 
Cotton said that there were blankets, bicycles, and toys inside of the
trailer.  Cotton testified that
appellant, Keith, Crochette, and Dickman used his pickup to take the trailer to
Abilene.              

Dickman also testified at trial and confirmed that
the group went to a club in Cotton=s
pickup. Dickman stated that, after they left the club, appellant drove to the
corner of 42nd and Dixie where the men hooked a trailer onto Cotton=s pickup. They took the trailer to
appellant=s shop,
and Dickman and Keith took Ainventory@ of the merchandise inside the
trailer.  Dickman stated that, after
taking inventory, she, appellant, Keith, and Crochette took the trailer to
Abilene.








Appellant specifically argues that the evidence is
legally and factually insufficient to show that the value of the stolen
property was $1,500 or more but less than $20,000 as alleged in the
indictment.  Value for purposes of the
theft statute is the fair market value of the property at the time and place of
the offense or, if the fair market value of the property cannot be ascertained,
the cost of replacing the property within a reasonable time after the
theft.  Tex.
Pen. Code Ann. '
31.08(a) (Vernon 2003).  In order to
establish value, the State must produce evidence of the fair market value of
the property in question.  Sullivan v.
State, 701 S.W.2d 905, 908 (Tex. Crim. App. 1986); Morales v. State,
2 S.W.3d 487, 488 (Tex. App.CTexarkana
1999, pet. ref=d).  An owner is competent to testify as to the
value of property, even though he is not qualified as an expert on the
value.  Sullivan, 701 S.W.2d at
909; Morales, 2 S.W.3d at 488. 
When the owner testifies as to value, he may testify in general and in
commonly understood terms.  Morales,
2 S.W.3d at 488.  Testimony of this
nature is an offer of the witness=s
best knowledge of the value of the property. 
Morales, 2 S.W.3d at 488. 
Such testimony is sufficient evidence for the trier of fact to determine
value, based on the witness=s
credibility, even absent specific mention of Amarket
value@ or Areplacement value.@ 
Morales, 2 S.W.3d at 489.

 When an
owner testifies, it is presumed that he is testifying to an estimate of the
fair market value.  Valdez v. State, 116
S.W.3d 94, 98 (Tex. App.CHouston
[14th Dist.] 2002, pet. ref=d);
Jiminez v. State, 67 S.W.3d 493, 505 (Tex. App.CCorpus
Christi 2002, pet. ref=d);
Morales, 2 S.W.3d at 488.  To
rebut the owner=s opinion
evidence, a defendant must do more than just impeach the owner=s credibility on cross‑examination;
he must offer controverting evidence of the value of the property.  Sullivan, 701 S.W.2d at 909; Morales,
2 S.W.3d at 488.

Gomez testified that he purchased the trailer for
$1,700.  Gomez further testified that he
paid approximately $2,000 for the merchandise in the trailer.  On cross-examination, Gomez acknowledged that
the trailer was registered for a lower sales price.  However, Gomez=s
testimony established that the value of the trailer and merchandise inside of
the trailer was over $1,500. Appellant did not offer any evidence to rebut this
testimony.  We find that the evidence is
both legally and factually sufficient to support the jury=s finding that appellant committed
theft in an amount greater than $1,500 but less than $20,000.  Appellant=s
first and second points of error are overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

April 20, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.