COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
| LUIS FERNANDEZ, | | No. 08-10-00153-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 171st District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20080D04882) |
| | § | |

## O P I N I O N

Luis Fernandez appeals his conviction of theft of $1,500 or more but less than $20,000. The trial court found Appellant guilty and assessed punishment at a fine of $1,500 and confinement for two years, probated for four years. We affirm.

## FACTUAL SUMMARY

In March of 2008, Appellant was employed as a sales consultant by Aerus Electrolux, a vacuum cleaner company. On April 18, 2008, he signed out a Guardian 6500 canister vacuum cleaner, an Upright 3000 vacuum cleaner, and shampooing brushes to use for product demonstrations in customer's homes. He was required by Aerus to return the equipment each month for "sight checks." Angelina Robles, the owner of the El Paso Aerus franchise, testified that she called Appellant in May to return the equipment for a "sight check" but he told her that he only had possession of one vacuum and a customer had the other vacuum. Appellant said he would return the equipment in a few days but he did not do so. Robles called Appellant several times but he made excuses for not returning the equipment including that he was being treated in Juarez for a serious illness. Robles continued to call Appellant but he stopped taking her calls. He answered only when

she used her son's phone to make the call and he again promised to return the equipment but he did not do so. In June of 2008, Robles and her husband went to Appellant's residence but discovered that he had moved. Robles then filed a theft report with the police department. When Robles' husband ran into Appellant one day, Appellant admitted that he had sold the vacuums and spent the money. Robles testified at trial about the value of the vacuums. A new Guardian 6500 retailed for $2,500 and Robles determined the fair market value of this used vacuum to be $850. A new Upright 3000 retailed for $1,700 but she determined the fair market value of this used vacuum to be $600. The fair market value of the shampooing brushes was $92.99. Robles admitted that a used vacuum like the ones stolen could be purchased at a pawn shop for less money but she asserted that the pawn shops were unaware of the actual value of the vacuums. Appellant testified that the fair market value was only $100 to $150 each and he had recently purchased a Guardian vacuum at a pawn shop for only $200.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant challenges the factual sufficiency of the evidence supporting the value of the property. After the parties filed their briefs, the Court of Criminal Appeals held in *Brooks v. State* that the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010). In light of *Brooks*, we will review the sufficiency of the evidence under the *Jackson v. Virginia* standard.

### Standard of Review

In reviewing the legal sufficiency of evidence, we consider all evidence in the light most favorable to the verdict to determine whether, based on that evidence and any reasonable inferences

therefrom, any rationale trier of fact could have found the defendant guilty of all the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex.Crim.App. 2009); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). This standard illustrates the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 318-19. We do not resolve any conflict of fact or reevaluate the weight and credibility of the evidence, nor may we substitute our own judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). Instead, our duty is only to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all of the evidence admitted at trial in a light most favorable to the verdict. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992). When the record supports conflicting inferences, we presume that the fact finder resolved any inconsistencies in favor of the verdict and defer to such determination. *Clayton*, 235 S.W.3d at 778; *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000). The same standard of review is applicable for both direct and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 158 (Tex.Crim.App. 1991), *overruled on other grounds, Paulson v. State*, 28 S.W.3d 570 (Tex.Crim.App. 2000).

*Value of the Property*

Appellant contends that the evidence is insufficient to prove that the value of the property was at least $1,500 because the State relied exclusively on the unsubstantiated and conclusory opinion testimony of the owner. The indictment alleged that Appellant unlawfully appropriated the vacuum cleaners and brushes which had the value of at least $1,500 but less than $20,000. Robles, who had been employed by Electrolux for thirty-five years and had been a franchise owner for two years, testified that she was familiar with the fair market value of the company's products in both new and used condition. She estimated that the fair market value of the property was a total of $1,542.99.

Value of property in a theft prosecution is defined as (1) the fair market value of the property or service at the time and place of the offense; or (2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft. TEX.PENAL CODE ANN. § 31.08(a)(West 2003). "Fair market value" is the amount of money the property in question would sell for in cash, given a reasonable time for selling it. *Keeton v. State*, 803 S.W.2d 304, 306 (Tex.Crim.App. 1991). When the proof of value is given by a non-owner, the non-owner must be qualified as to his knowledge of the value of the property and must give testimony explicitly as to the fair market value or replacement value of the property. *Sullivan v. State*, 701 S.W.2d 905, 909 (Tex.Crim.App. 1986). When the proof of value is given by the owner, he may testify as to his opinion or estimate of the value of the property in general and commonly understood terms. *Id.* Testimony of this nature is an offer of the witness's best knowledge of the value of his property and it will constitute sufficient evidence for the trier of fact to make a determination as to value based on the witness's credibility. *Id.* When an owner testifies regarding value, it is presumed that he is testifying to an estimate of the fair market value. *Id.*; *Morales v. State*, 2 S.W.3d 487, 488-89

(Tex.App.--Texarkana 1999, pet. ref'd). Because Robles was the owner of the property, the State was not required to show that she was qualified as to her knowledge of the value of the property and her testimony constitutes sufficient evidence for the trier of fact to determine value. We find that the evidence is legally sufficient to prove that the property had a value of $1,500 or more but less than $20,000. We overrule the sole issue presented on appeal and affirm the judgment of the trial court.

May 11, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)