

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00753-CR

Sherri Dee **BUCHANS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR7558
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  July 15, 2015

AFFIRMED

After a bench trial, Sherri Buchans was convicted of theft of real property with a value of $1,500 or more, but less than $20,000, a state-jail felony. The trial court sentenced Buchans to two years' confinement probated for three years and assessed a $1,500 fine. She appeals her conviction on the ground that the evidence is legally insufficient to support a finding that the stolen property's value was between $1,500 and $20,000. We affirm the trial court's judgment.

**STANDARD OF REVIEW**

In determining whether the evidence is legally sufficient to support a criminal conviction, we review the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). It is the role of the factfinder—in this case, the trial court—to determine the weight and credibility of the evidence and to draw reasonable inferences from the evidence. *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011).

**FACTUAL BACKGROUND**

On November 5, 2011, Brian Kalisek discovered his trailer-mounted Ingersoll-Rand air compressor was missing. Kalisek followed a trail of scratch marks left by one of the trailer's wheels, and ultimately, arrived at River City Recycling. There he learned that Sherri Buchans sold the air compressor to River City Recycling for scrap metal. Buchans towed the trailer-mounted air compressor into River City Recycling and received $235.80 based on its weight.

At trial, Kalisek testified he frequently purchased and used different kinds of equipment on his ranch. He estimated his air compressor was worth approximately $4,000 at the time it was stolen. Kalisek also testified he used the air compressor at his ranch for pumping water from his well. The State introduced a sales listing that showed a 1985 Ingersoll-Rand air compressor priced at $4,750. Kalisek testified the air compressor in the listing looked identical to his (except that his trailer had flat tires) and he was familiar with the company selling the unit because it was a reputable company among ranchers for buying and selling used equipment. He confirmed the price in the listing represented the approximate fair market value of the air compressor, but believed the stolen air compressor was worth slightly less.

Buchans, on the other hand, testified the air compressor looked rusty, seemed to be missing some parts, and did not appear to be in working condition. She also testified the air compressor was only worth $235.80 as scrap metal and had it been worth more, River City Recycling would have resold it instead of scrapping it.

To explain the discrepancy between the amount River City Recycling paid Buchans for the air compressor as scrap metal and its fair market value, the State called the facility's sales manager. She explained that when a customer brings property into the center for sale as scrap metal, the condition of the property—working or not—is not relevant to the price paid; rather, the price is based on the weight and type of material sold. The property is then placed in the scrap pile to be taken to the shredder. The facility's general manager will sometimes pull items out of the scrap pile to resell.

## DISCUSSION

In her sole point of error, Buchans contends the evidence is legally insufficient to prove the value of the stolen property.

"Value" is the fair market value at the time and place of the offense or, if that cannot be ascertained, the cost of replacing the property within a reasonable time after the theft. TEX. PENAL CODE ANN. §§ 31.08(a)(1)&(2) (West 2011). "Fair market value" is the amount of money the property in question would sell for in cash, given a reasonable time for selling it. *Morales v. State*, 2 S.W.3d 487, 488 (Tex. App.—Texarkana 1999, pet. ref'd). Fair market value can be proven by evidence of the retail price or sale price, by testimony of an owner's opinion of value, or by an expert opinion of value. *Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991); *Valdez v. State*, 116 S.W.3d 94, 98 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). No one method of proof is exclusive. *Keeton*, 803 S.W.2d at 305. A factfinder is entitled to choose between two conflicting values in determining fair market value. *Id*. at 306. An owner is competent to testify to

his opinion of the value of property, even though he is not qualified as an expert on the value. *Morales*, 2 S.W.3d at 488, (citing *Sullivan v. State*, 701 S.W.2d 905, 909 Tex. Crim. App. 1986)). In order to rebut the evidence of market value, a defendant must offer controverting evidence as to the value of the property. *Sullivan*, 701 S.W.2d at 909.

The State met its burden to prove the air compressor's fair market value through Kalisek's testimony and the listing of a similar air compressor. *See Keeton*, 803 S.W. 2d at 305; *Morales*, 2 S.W. 3d at 488. The only evidence of value Buchans introduced was the scrap value paid by River City Recycling. Even if we assume the scrap metal price paid for the air compressor was some evidence of its value in working condition, the trier of fact was free to choose between the conflicting values to determine fair market value. *Keeton*, 803 S.W. 2d at 306. We conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The evidence is therefore legally sufficient to establish that the value of the stolen property was between $1,500 and $20,000. Accordingly, the trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice

Do not publish