

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-24-00023-CR

___

MARVIN PAGE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 158th District Court
Denton County, Texas[1]
Trial Court No. F22-484-158, Honorable Steve Burgess, Presiding

___

August 27, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Marvin Page, appeals his conviction for the state-jail-felony offense of theft of property having a value of $2,500 or more but less than $30,000,[2] with the

---

[1] This case is before the Court on transfer from the Second Court of Appeals pursuant to a docket equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A).

punishment enhanced to that of a second-degree felony by two prior felony convictions.[3] We affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of March 28, 2021, Appellant loaded 36 carton flow wheel beds (commonly known as rollers) from Worldpac's warehouse into his box truck. Officer Jonathan Patino of the Flower Mound Police Department was on patrol in the warehouse district when he observed the box truck driving slowly with its back door open. As the officer got closer to the truck, he noticed that the light illuminating the license plate was not functioning, so he conducted a traffic stop. The officer saw that the back of the truck was "loaded up" with metal rollers. Appellant told the officer that he had permission to pick up the "junk" that he was hauling. According to the officer, the items did not appear to be trash or junk. Upon further questioning, Appellant gave vague answers and was unable to say the name of the business or person who provided him permission. Unable to verify Appellant's explanation, the officer photographed the materials in the back of the truck and released Appellant. The information gathered by the officer was turned over to a detective for investigation. During the investigation, Appellant admitted to taking the rollers and selling them for $500 to a scrap yard.

An indictment was issued charging Appellant with theft of property having a value of $2,500 or more but less than $30,000. The indictment further alleged that on August 19, 1994, Appellant had been finally convicted of the second-degree felony offense of aggravated robbery, which would be used to enhance the range of punishment for the

---

[3] *See id.* § 12.425(b).

2

theft charge. Prior to trial, the State filed a notice of intent to further enhance Appellant's punishment, alleging that on October 8, 1985, before the commission of the theft offense, Appellant was convicted of the felony offense of burglary of a building.

The case proceeded to a jury trial. Worldpac's operations manager, Kodi York, testified that the rollers were purchased in 2015 or 2016 making them approximately six years old at the time of the theft. According to York, the rollers were usable and in good condition. After the theft, York contacted the company's facilities department who informed her that the price of each carton flow rack when purchased was $310. She testified that $310 was an accurate valuation of the cost of each roller. She calculated the cost for the 36 stolen rollers at $11,160.

The jury found Appellant guilty of the offense of theft of property with a value equal to or greater than $2,500 but less than $30,000. Appellant elected to have the trial court assess punishment. At punishment, the State offered proof of Appellant's previous felony convictions. The trial court found the enhancement allegations true and sentenced Appellant to two years' incarceration.[4]

By his appeal, Appellant presents two issues. By his first issue, Appellant contends that the evidence was insufficient to support the jury's verdict that the value of the property in the instant case was $2,500 or more but less than $30,000, as alleged in

---

[4] "If it is shown on the trial of a state jail felony . . . that the defendant has previously been finally convicted of two felonies other than a state jail felony, . . . and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree." *See* TEX. PENAL CODE ANN. § 12.425(b). The punishment range for a second-degree felony is two to twenty years of imprisonment. *See id.* § 12.33(a).

3

the indictment.  Appellant contends, by his second issue, that the State failed to allege or prove that his prior convictions were sequential, as required by Texas Penal Code section 12.425(b).

## SUFFICIENCY OF THE EVIDENCE ESTABLISHING THE VALUE OF THE PROPERTY

By his first issue, Appellant contends that the evidence is insufficient to support the jury's verdict that the property in the instant case had a value of $2,500 or more but less than $30,000, as alleged in the indictment.  Specifically, Appellant contends that there was insufficient evidence that the stolen property's fair market value was unascertainable.  Appellant challenges only the sufficiency of the evidence concerning the value of the property and not his guilt in committing the theft, appropriation of the property, or criminal intent.

The standard we apply in determining whether the evidence is sufficient to support a conviction is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).  Under that standard, we consider all the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *Jackson*, 443 U.S. at 319; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).  Sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge.  *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).  In our review, we must evaluate all the evidence in the record,

both direct and circumstantial, regardless of whether that evidence was properly or improperly admitted. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We are also required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). When the record supports conflicting inferences, we presume that the jury resolved any conflicts in favor of the verdict and will defer to that determination. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012).

As alleged in the indictment and charged to the jury, the State was required to prove that Appellant unlawfully appropriated property from Kodi York or Worldpac, with the intent to deprive Kodi York or Worldpac of the property, which was worth $2,500 or more but less than $30,000. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A). To prove the value of the property, the State must offer evidence either of (1) "the fair market value of the property . . . at the time and place of the offense" or (2) "the cost of replacing the property within a reasonable time after the theft" if the fair market value "cannot be ascertained." *Id.* § 31.08(a).

Fair market value must be proven if the testimony concerning value is given by someone other than the owner. *Sullivan v. State*, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986) (en banc); *Jones v. State*, 814 S.W.2d 801, 803 (Tex. App.—Houston [14th Dist.] 1991, no pet.). The owner of the property is competent to testify as to the value of his property, even if not qualified as an expert on valuation. *Sullivan*, 701 S.W.2d at 908; *Morales v. State*, 2 S.W.3d 487, 489 (Tex. App.—Texarkana 1999, no pet.); *Jones*, 814

5

S.W.2d at 803). "We presume that an owner's testimony regarding the value of property is an estimation of the property's fair market value." *Smiles v. State*, 298 S.W.3d 716, 719 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Sullivan*, 701 S.W.2d at 908, and *Jones*, 814 S.W.2d at 803); *see Morales*, 2 S.W.3d at 489. The owner's testimony as to the property's fair market value may be stated either in terms of purchase price or the cost of replacing the stolen property. *Smiles*, 298 S.W.3d at 719 (citing *Sullivan*, 701 S.W.2d at 908, and *Jones*, 814 S.W.2d at 803). Such testimony is an offer of the witness's best knowledge of the value of the stolen property and is sufficient evidence upon which the trier of fact can determine value, even in the absence of specific mention of "market value" or "replacement value." *Smiles*, 298 S.W.3d at 719; *Morales*, 2 S.W.3d at 489; *Jones*, 814 S.W.2d at 803 (citing *Sullivan*, 701 S.W.2d at 909). "If a defendant wishes to rebut the owner's opinion evidence as to value[,] he must do more than merely impeach the witness's credibility during cross-examination; he must actually offer controverting evidence as to the value of the stolen item[s]." *Smiles*, 298 S.W.3d at 719; *Morales*, 2 S.W.3d at 489; *Jones*, 814 S.W.2d at 803 (citing *Sullivan*, 701 S.W.2d at 909).

The State alleged Kodi York as the owner of the stolen property.[5] She testified that the rollers were purchased in 2015 or 2016 and were in good condition. Based on what the rollers cost when purchased, York testified that $310 per roller was an accurate valuation of each roller. Using this amount, she calculated the value of the 36 stolen rollers at $11,160. We presume that an owner's testimony regarding the value of property is an estimation of the property's fair market value. *Campbell v. State*, 426 S.W.3d 780,

---

[5] Appellant does not dispute York's status as owner of the stolen property.

6

785 (Tex. Crim. App. 2014); *Smiles v. State*, 298 S.W.3d 716, 719 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Sullivan*, 701 S.W.2d at 908, and *Jones*, 814 S.W.2d at 803); *see Morales*, 2 S.W.3d at 489. Examining the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that the value of the rollers was between $2,500 and $30,000, especially since Appellant presented no controverting evidence at trial to rebut the State's evidence as to value. *See Morales*, 2 S.W.3d at 489; *Jones*, 814 S.W.2d at 804.

Appellant contends that, because the evidence did not establish that the fair market value of the rollers was unascertainable, the jury could not use York's testimony regarding the replacement cost of the rollers as establishing their value. However, because York was the owner of the property, a contention which Appellant does not dispute, her testimony, even if "in no way purported to be the 'fair market value' of the [rollers], was sufficient to allow a rational trier of fact to assess the value of the property." *Sullivan*, 701 S.W.2d at 905 (citing *Coronado v. State*, 508 S.W.2d 373, 374 (Tex. Crim. App. 1974). Because the owner testified as to the value of the rollers, it was not necessary for the State to prove that their fair market value was unascertainable. *See Smiles*, 298 S.W.3d at 719; *Morales*, 2 S.W.3d at 489; *Jones*, 814 S.W.2d at 803 (citing *Sullivan*, 701 S.W.2d at 909).

Considering all the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to allow a rational jury to have found that the value of the property exceeded $2,500 beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Queeman*, 520 S.W.3d at 622. Accordingly, we overrule Appellant's first issue.

7

## ENHANCEMENT OF STATE JAIL FELONY WITH TWO PRIOR FELONY CONVICTIONS

By his second issue, Appellant contends that the trial court erred in finding the two enhancements true because the State failed to allege or prove that the prior felony convictions relied upon for enhancement purposes were sequential.[6]

The jury found Appellant guilty of the state-jail-felony offense of theft of property having a value of $2,500 or more but less than $30,000. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A). A state-jail-felony offense carries a punishment range of confinement in a state jail for a term of not more than two years and not less than 180 days and a fine not to exceed $10,000. *Id.* § 12.35(a), (b). However, the range of punishment may be enhanced to the range applicable to a second-degree felony if it is shown that: (1) the defendant has previously been finally convicted of two felonies other than a state jail felony punishable under section 12.35(a); and (2) the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final. *Id.* § 12.425(b). The punishment range for a second-degree felony is imprisonment for a term of not more than twenty years and not less than two years and a fine not to exceed $10,000. *Id.* § 12.33.

---

[6] In his brief, Appellant notes that the trial court moved from the guilt-innocence phase of trial, which was before the jury, directly into the punishment phase, which was before the court. In doing so, the judge did not read the enhancement allegations or ask for Appellant's pleas to the enhancements on the record. When the trial court assesses a defendant's punishment instead of a jury, the court is not required to read the enhancement paragraphs or the findings to the defendant, although it is preferred. *See Garner v. State*, 858 S.W.2d 656, 659−60 (Tex. App.—Fort Worth 1993, pet. ref'd) ("While it is the better practice for trial courts to orally read the enhancement paragraphs and find them to be true or false on the record, we find that the trial court did not err by failing to do so since the trial court assessed punishment instead of a jury.").

In reviewing the sufficiency of the evidence to support a finding that an enhancement allegation is true, we consider all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have found the essential elements of the enhancement beyond a reasonable doubt. *Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016). The sufficiency of the evidence to support an enhancement should be measured by the hypothetically correct jury charge for the enhancement, as defined by statute. *Roberson v. State*, 420 S.W.3d 832, 841 (Tex. Crim. App. 2013); *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000). "The State has the burden of proof to show that any prior conviction used to enhance a sentence [is] final under the law and that the defendant [is] the person previously convicted of that offense." *Donaldson v. State*, 476 S.W.3d 433, 439 (Tex. Crim. App. 2015).

For punishment to be enhanced under section 12.425(b), the chronological sequence of events must be proved as follows: (1) the first conviction becomes final; (2) the offense leading to a later conviction is committed; (3) the later conviction becomes final; and (4) the offense for which the defendant presently stands accused is committed. *See* TEX. PENAL CODE ANN. § 12.425(b); *Jordan v. State*, 256 S.W.3d 286, 290−91 (Tex. Crim. App. 2008) (explaining required sequencing of events under nearly identical language in Penal Code section 12.42(d)).

The indictment in this case alleged that "before the commission of the offense alleged above, on the 19th day of August 1994, in cause number F-9451937-WK, in Dallas County, Texas the defendant was finally convicted of the felony offense of Aggravated Robbery in the Criminal District Court No. 4." Additionally, the State filed a notice of intent to enhance Appellant's punishment, alleging that "before the commission

9

of the primary offense, on or about the 8th day of October 1985, in cause − number F-8589466 in the 203rd District Court, Dallas County, Texas, the defendant was convicted of the felony offense of Burglary of a Building."

During the punishment phase, the State offered, and the trial court admitted into evidence, a certified copy of the indictment and judgment for the 1985 burglary of a building conviction. These documents allege that the offense, a second-degree felony, was committed on August 22, 1985. The judgment states that Appellant pleaded guilty to the offense and sentence was pronounced on October 8, 1985. Additionally, the trial court admitted into evidence the judgment, indictment, and mandate from Appellant's aggravated robbery conviction. The judgment states that the offense, a first-degree felony, was committed on March 10, 1994, sentence was pronounced on August 19, 1994, and the enhancement paragraph in the indictment alleging a prior final conviction on October 8,1985 for burglary of a building was "true." The mandate from the Fourth District Court of Appeals shows that the conviction was final on June 27, 1996, a date prior to the commission of the present offense. A fingerprint expert testified that the fingerprints from the judgments of conviction in each cause number matched Appellant's prints.

The primary offense, theft of property having a value of $2,500 or more but less than $30,000, is a state-jail felony punishable by confinement in state jail between 180 days and two years. *See* TEX. PENAL CODE ANN. §§ 31.03(a), (e)(4)(A); 12.35(a). To support Appellant's sentencing, the evidence had to show that he committed a felony after being finally convicted of a previous felony. *Id.* § 12.425(b). Appellant's aggravated robbery and burglary of a building are prior felony convictions that are not "state jail

felonies punishable under Section 12.35(a)." *See* TEX. PENAL CODE ANN. §§ 12.425(b); 29.03, 30.02. The State's evidence sufficiently linked Appellant to the aggravated robbery conviction listed in the indictment and the burglary of a building conviction listed on the State's notice of intent to enhance punishment. The trial court could reasonably conclude that the 1985 felony conviction (previous conviction) for burglary of a building was final, as alleged in the enhancement paragraph in the indictment on the aggravated robbery, and that the 1994 aggravated robbery conviction (subsequent conviction) was final after mandate issued on June 27, 1996. A rational trier of fact could have found beyond a reasonable doubt Appellant's link to the convictions and that the sequence of the prior convictions occurred in the required order. *See* TEX. PENAL CODE ANN. § 12.425; *Jordan*, 256 S.W.3d at 290−91. We overrule issue two.

## CONCLUSION

Having overruled both of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

11